## LASELLE v. PEARSON.

No. 14269—Opinion Filed Sept. 18, 1923.

Rehearing Denied Oct. 9, 1923.

**Appeal and Error — Failure of Defendant in Error to File Brief—Reversal.**

Where the plaintiff in error has, in compliance with the rules of the court, served and filed his brief, but the defendant in error has neither filed, nor offered an excuse for his failure to file brief, the court is not required to search the records to find a theory upon which a judgment may be sustained, and may reverse the case in accordance with the prayer of plaintiff in error, if the brief filed appears reasonably to sustain such action.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by L. A. Pearson against B. A. Laselle and others. Judgment for plaintiff,

and defendant named brings error. Reversed and remanded.

C. H. Madden, for plaintiff in error.

Opinion by JONES, C. This is a case in which the plaintiff in error, B. A. Laselle, was one of the defendants in the lower court, and against whom judgment was rendered in favor of defendant in error, L. A. Pearson, plaintiff in the lower court, for the sum of $375. Plaintiff in error filed his brief on June 8, 1923, in the office of the Supreme Court clerk, a copy of which was duly served on the defendant in error, but up to this time no brief has been filed by defendant in error, no application filed for an extension of time, or reason given for his failure to file brief. And from an examination of the brief of plaintiff in error and the record as disclosed in the case-made, we find that one E. F. Taylor, acting as the agent of plaintiff in error, Laselle, negotiated the sale of a certain oil well rig to Fred C. Miller, who, at the time, was a partner of L. A. Pearson, defendant in error, and the negotiations were carried on between Taylor, Miller, and Pearson, and, pending the closing of the deal, Pearson withdrew from the partnership, and thereafter sought out the plaintiff in error, Laselle, and informed him that he had a purchaser for the oil well rig, and thereafter negotiated for the sale of the rig to Miller, the prospect of Taylor, the party who approached him and Miller, and who was the means of him knowing about the rig. Pearson and Miller make the deal and it is agreed that Miller is to hold out the commission and give Pearson his notes for the same, and Miller purchase the rig from Laselle and hold out the commission from the purchase price from the sale of the rig. A dispute arose between Taylor and Pearson as to who was entitled to the commission, and Miller gave a check to Taylor in favor of Laselle for $375, as commission. Taylor represented to Laselle that Miller had paid the commission to him in that way in order that he, Miller, might have a receipt for the commission. Laselle thinking that Miller had elected as to who was entitled to the commission, endorsed the check to Taylor and afterwards cashed it and secured the money. Whereupon Pearson brings suit against Laselle for the commission and upon the trial of the case, the jury returned a verdict in favor of the plaintiff, Pearson, and against the defendant, Laselle, for the sum sued for, to wit, $375, hence requiring him to pay the commission a second time. To which verdict of the jury, the defendant filed a motion for a new trial, and the

same being overruled appealed the case to this court:

A portion of the testimony of the defendant, Pearson, recited in the brief of plaintiff in error, is as follows:

Q. "And because of that consideration, you agreed to accept Miller for the commission? A. I did, yes."

Also in reply to a question, he said:

"I told him (Miller) that I agreed with Mr. Laselle and that Mr. Laselle figured he wouldn't have to pay any cash commission, as I would look to Mr. Miller for it."

And from an examination of the record and the matters presented in plaintiff in error's brief, we think the court should have sustained the motion for a new trial, for we are of the opinion that the defendant in error, Pearson, is not entitled to recover any commission from the plaintiff in error, Laselle, upon the facts and conditions as presented, and we, therefore, recommend that the case be reversed and remanded to the lower court.

By the Court: It is so ordered.