## LaSALLE v. PEARSON.

No. 14269—Opinion Filed Feb. 12, 1924.

Rehearing Denied April 15, 1924.

**1. Appeal and Error—Review—Sufficiency of Evidence.**

Where the issues are clearly drawn by the pleadings, and the court correctly charges the jury as to the law, and properly directs them as to the issues of fact to be determined, their verdict, and the judgment rendered thereon, will not be disturbed where the same is reasonably supported by the evidence. Rardin v. Scruggs, 51 Okla. 131, 151 Pac. 609.

**2. Brokers—Right to Commission—Procuring Cause of Sale.**

When property has been listed for sale with different agents, the agent who succeeds in bringing the seller and purchaser together and induces them to enter into the contract is entitled to the commission. Menten v. Richards, 54 Okla. 418, 153 Pac. 1177.

**3. Same—Question for Jury—Review.**

In an action by a broker to recover compensation for the sale of property, the question as to whether or not he was the procuring cause of the sale is one of fact for the jury, and where that question is submitted to the jury under proper instructions, their verdict will not be disturbed on appeal where there is evidence reasonably tending to support same.

**4. Same—Action for Commission—Payment to Other Broker as Defense.**

Where property is listed with two different agents for sale, each of whom claims the commission by reason of the sale of the property, and the seller pays the commission to one without the consent of the other, the agent who has received no pay is not estopped by reason of the payment to the other of the entire commission, and may maintain an action for the recovery of same, and the question of whether or not he is entitled to recover is a question of fact, and unless it is shown that he consented to or connived in some way to induce payment to the other agent, his rights are in no wise affected by reason of the fact that the purchaser paid the commission to an agent who was not entitled to the same.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by L. A. Pearson against B. A. LaSalle. Judgment for plaintiff. Defendant appeals. Affirmed.

C. H. Madden, for plaintiff in error.

R. D. Miller, for defendant in error.

Opinion by JONES, C. This suit was instituted by L. A. Pearson, defendant in error, against B. A. LaSalle, plaintiff in error, ,in the district court of Harmon county for the recovery of $375 with interest, commission on sale of a drilling rig, which belonged to the said B. A. LaSalle and is alleged to have been sold through the agency of L. A. Pearson, appellee herein, who had also had eration of $7,500. The matter was tried to a jury and a verdict returned in favor of the plaintiff, Pearson, for the amount sued for, and judgment rendered in conformity to the verdict, motion for a new trial was filed and overruled and the cause appealed. The case was formerly reversed for the reason defendant in error had failed to file brief, and is reported in 92 Okla. 266, 219 Pac. 93, but same has been set aside, and by permission of the court, defendant in error has filed a brief, and the case is here decided upon its merits. Various errors are assigned, but the appellant only urges in his brief two propositions. First, that the court erred in refusing peremptory instructions requested by plaintiff in error, defendant below. Second, the verdict is not supported by the evidence. The facts as disclosed by the record show that the appellant, LaSalle, was the owner of a certain drilling rig which he offered for sale and had listed same with one E. F. Taylor, of Wichita Falls, Tex., who offered the same to Fred C. Miller in Wichita Falls, Tex. Miller returned to his home at Hollis, Okla., without closing the deal and some two or three weeks later, Pearson, appellee herein who had also had the rig listed with him by the owner thereof, LeSalle, offered said rig to Miller at Hollis, Okla., and induced Miller to go to Ada, Okla., for the purpose of inspecting and purchasing the rig, and the said Pearson notified LaSalle at Ada that Miller was coming there for the purpose of looking at the rig, and with the view of buying same. The record also discloses that E. F. Taylor had also notified LaSalle some two or three weeks prior thereto that he had submitted the matter to Miller, and that he expected him to go to Ada for the purpose of inspecting the rig within a few days, but Miller did not go at that time, and took the matter up later with Pearson, who also had the rig listed for sale, and the sale was consummated following the negotiation between Miller and Pearson; it was agreed between Miller and Pearson that in the event that Miller purchased the rig from LaSalle that Miller would withhold or deduct Pearson's commission from the purchase price which would be due Pearson from LaSalle, which he did, paying LaSalle $1,000 in cash and accounting to him for the balance in notes less $375, which he withheld and agreed with LaSalle, the seller, that he would take care of the commission. They entered into written agreement in which it was agreed that Miller was to pay the commission and placed the contract in a bank at Ada.

The record shows that letters were introduced in the trial of the case from both Miller and LaSalle to Pearson advising him that the sale had been made and that Miller had retained and would pay him his commission of $375. Later a controversy arose between Taylor and Pearson as to who was entitled to the commission. Miller shipped the rig from Ada, Okla., to Mexia, Tex., and went there for the purpose of supervising the operation of same. There he met Taylor who insisted that he was entitled to the commission, and after several days, Miller agreed with him that he would give him his check payable to LaSalle for $375, the amount of the commission, and that he could settle the matter with LaSalle. Taylor accepted the check or took it and returned to Wichita Falls, Tex., where he met LaSalle and presented to him Miller's check payable to LaSalle for $375 and induced LaSalle to indorse same and deliver it back to him who cashed the check and thereby secured the money which he claimed was due him as commission. LaSalle wrote to the bank at Ada to return the contract concerning the commission to Miller; and thereafter this suit was instituted by Pearson against LaSalle for the money, and also Miller was made a party to the suit.

The facts as we understand them place LaSalle in rather an unfortunate position in that if the case is affirmed, he will have paid the full commission of five per cent. to each of the brokers or agents, but as we view it, it is the result of his own acts. Had he stood on the original agreement made with Miller, whereby Miller had deducted the commission and agreed to take care of that item, he would have protected himself, but when he voluntarily indorsed the check which Miller had made to him, paying back the money which Miller had retained for the purpose of paying the com-

mission, and delivered same to Taylor with his indorsement, he thereby assumed the responsibility of paying the commission himself and placed Taylor in a position to collect same, when he. LaSalle, was in full possession of all the facts as to Pearson's rights and claims; and the issues as between Pearson and La Salle have been tried out and properly submitted to the jury on proper instructions given by the court, and it being a purely a question of fact, we feel that the rule heretofore announced by this court wherein it has repeatedly held that questions of fact are for the jury and where reasonably sustained by the evidence under proper instructions the Supreme Court will not disturb the same. Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 Pac. 723; Smith v. State Mercantile Co., 54 Okla. 502, 153 Pac. 1188.

We find no error in the record which would justify reversal of the case and therefore recommend that same be affirmed.

By the Court: It is so ordered.