## SMITH v. STAR MERCANTILE CO.

No. 5706.   Opinion Filed December 7, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1188.)

APPEAL AND ERROR—Sales—Harmless Error—Instructions—Sufficiency of Evidence. Record examined and **held:** (1) That the evidence adduced upon the trial is sufficient to sustain the judgment; (2) that the instructions of the court state the propositions of law submitted to the jury with substantial accuracy; (3) that after an examination of the entire record it does not appear that the errors complained of have probably resulted in a miscarriage of justice nor that they constitute a substantial violation of a constitutional or statutory right.

(Syllabus by Bleakmore, C.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by the Star Mercantile Company against Ed Smith. Judgment for plaintiff on appeal to the county court from a justice's judgment, and defendant brings error. Affirmed.

*A. J. Titus, W. Wilder,* and *A. R. Carpenter,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

Opinion by BLEAKMORE, C.  This action was commenced before a justice of the peace in Alfalfa county by Star Mercantile Company, as plaintiff, against Ed Smith, as defendant, it being alleged in the bill of particulars that defendant was indebted to plaintiff "for and upon account of goods, wares, and merchandise sold and delivered to the minor son of defendant, one James Smith, at the instance and request of defendant and for

which said defendant agreed to pay." Defendant answered by way of general denial.

From the judgment of the justice in favor of plaintiff, defendant appealed to the county court, wherein plaintiff again prevailed.

It appears from the evidence that both before and after the transaction involved plaintiff conducted a general mercantile business at Burlington, Okla., where the defendant, a farmer, residing in the vicinity, and the members of his family purchased goods upon open account, the same being charged to and paid for by defendant. In the fall of 1909, a minor son of defendant was employed about the depot in said town at a small wage. Shortly thereafter defendant paid his account with the plaintiff in full, save a charge for a pair of shoes purchased by said son, and requested plaintiff thereafter to charge the purchases of the son to a separate account and not to sell him too much, but to hold him down and make him know that he had to save. The son subsequently at various times purchased the goods which constitute the items of account sued on, and the same were charged to his individual account. Plaintiff testified that this was done at the direction of the defendant, and that defendant specifically agreed to pay therefor. This defendant denied. After the account involved was closed defendant paid thereon $12, by delivering certain straw to the plaintiff of that agreed price. Upon trial the account was proved, item by item, and there is no conflict as to the amount thereof. The evidence is sufficient to sustain the judgment.

Defendant complains of the giving of certain instructions, which it would serve no useful purpose to set

forth. While the instructions of the court might be criticized for inartificiality, we are of the opinion that the rights of defendant were not prejudiced thereby; and that upon the whole substantial justice has been done between the parties.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.