## CITY OF CUSHING v. POTE et al.

No. 17806. Opinion Filed Jan. 10, 1928.

(Syllabus.)

1. **Eminent Domain—Market Value of Land Taken—Value of Crop Production as Basis of Opinion.**

   In ascertaining the value of land taken under eminent domain its market value is the test, although its adaptability to a particular use may be considered as one of the factors in ascertaining the market value, and where a witness fixes the value of such land for agricultural purposes, it is not error for the court to permit him to testify as to the quantity and price of crops the same has yielded as a basis upon which to predicate his judgment as to its value.

2. **Appeal and Error—Verdict Supported by Evidence not Disturbed—Excessiveness of Damages.**

   Where an assignment of error alleges that damages awarded by a jury are excessive and appear to have been given under the influence of passion and prejudice, and the record fails to disclose facts upon which to predicate such error other than a conflict of evidence between the witnesses, this court will not disturb the verdict of such jury where there is any evidence reasonably tending to support it.

   Error from District Court, Payne County; Charles C. Smith, Judge.

Action by the City of Cushing against D. C. Pote and Abbiegale Pote, his wife, and the National Life Insurance Company, a corporation. Judgment for defendants, and plaintiff appeals. Affirmed.

S. J. Berton, for plaintiff in error.

Grubbs & Whipple, for defendants in error.

PHELPS, J. The city of Cushing, plaintiff in error here, desiring to obtain certain real estate belonging to defendants in error for the use of the city waterworks system, instituted condemnation proceedings under the law of eminent domain to obtain title thereto. The owners of the real estate, not being satisfied with the award for damages made by the commissioners appointed to appraise the premises, demanded a jury trial in the district court of Payne county. The jury in its verdict awarded damages in the sum of $5,250. Upon the suggestion of the trial judge the defendants in error filed a remittitur of $1,250, and the district court rendered judgment for $4,000, from which plaintiff in error prosecutes this appeal.

For reversal counsel for plaintiff in error urges two assignments of error, the first of which is that the trial court erred in admitting certain irrelevant, incompetent, and immaterial evidence over his objection. Certain witnesses gave testimony as to the value of the land taken and in fixing the basis upon which they arrived at their conclusion as to its value were permitted to testify as to the amount of crops this land had produced or would produce and the market value of such crops.

In this jurisdiction the rule is well settled that in ascertaining the value of land taken under eminent domain its market value is the test, and its adaptability to a particular use may be considered as one of the factors in ascertaining its market value, and evidence may be introduced to show such adaptability. Therefore, when the witnesses testified as to the value of this land and as to its adaptability for agricultural purposes in order to show the reasonableness or unreasonableness of the value they placed upon it, we can see no impropriety in permitting them to testify as to the amount of crops it has yielded and the price for which such crops were sold. However, evidence as to the amount of the crops grown or the price obtained therefor should not be considered for any purpose except to shed light upon the reasonableness of the value fixed by the evidence of the witnesses.

In the brief of plaintiff in error but two

authorities are cited, the first of which is Conness v. Commonwealth, 184 Mass. 541, 69 N. E. 341, from which counsel quotes as follows:

"The sum to be awarded for real estate taken is the fair market value of the property, having reference to all uses to which it is adapted. Its value for any special purpose is not the test, although it may be considered, with a view of ascertaining what the property is worth in the market for any use for which it would bring the most."

We cannot agree that this authority sustains the contention of plaintiff in error that the court erred in admitting this evidence. Counsel for plaintiff in error further complains of the testimony of the owner of the land when he was asked what the value of the land was and he responded that, "It is worth $300 an acre to me," whereupon the trial judge said, "You will have to state what it is worth, not what it is worth to you," and he answered that it was worth $300 an acre.

From this record we see no error, for the court's instruction clearly defined the law applicable, under the evidence. Neither, under this state of the record, can we agree that the other case cited by counsel is applicable, this being Stafford v. City of Providence, 10 R. I. 567, regarding which we quote the following from the brief of counsel for plaintiff in error:

"The question is not, What estimate does the owner place upon it? But what is its real worth, in the judgment of honest, competent, and disinterested men? The use to which the owner has applied the property is of no importance beyond its influence upon the present value. If highly cultivated, it will be worth more than though it had been suffered to run waste."

From a careful examination of this record we conclude that this assignment of error is without merit.

The second error urged by counsel for plaintiff in error is that the damages are excessive and appear to have been given under the influence of passion and prejudice. An examination of the entire record in this case fails to disclose any legal grounds for this assignment of error. There is ample evidence in the record to support the verdict of the jury fixing the damages at $5,250. It appears that the learned trial judge, after the verdict was returned, suggested the remittitur fixing the amount of damages at $4,000. This was satisfactory to defendants in error as evidenced by the remittitur they filed.

This court has often repeated the rule that where there is any evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal. Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 Pac. 723; Smith v. Star Mercantile Co., 54 Okla. 502, 153 Pac. 1188; Linkhart v. Kirkhart, 54 Okla. 699, 153 Pac. 645.

The judgment of the district court is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 20 C. J. p. 726, §186; p. 769, §228; 10 R. C. L. p. 129; 2 R. C. L. Supp. p. 976; 5 R. C. L. Supp. p. 545; 6 R. C. L. Supp. p. 598.    (2) 4 C. J. p. 853, §2834; 20 C. J. p. 1116, §488; 2 R. C. L. p. 199; 1 R. C. L. Supp. p. 440; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75.