### OKLAHOMA GAS & ELECTRIC CO. v. KELLY et al.

No. 24549.    June 2, 1936.

Rainey, Flynn, Green & Anderson, John P. Roemer, L. J. Sartain, and Wm. M. Bowles, for plaintiff in error.

Henry S. Johnston, for defendant in error.

RILEY, J. This is an appeal from a judgment in the sum of $1,750, based on the verdict of a jury, arising out of the condemnation proceedings through which plaintiff in error, by the exercise of the powers of emi-

nent domain vested in it, acquired a 30-foot right of way for a high voltage electric transmission line across the farm lands and adjacent to the residence of defendants in error in Noble county.

Defendants below owned 160 acres of land so located that 80 acres of it lay east of the section line, another 40 acres lay across the section line to the west, and the remaining 40 acres cornered on the northwest with the tract last mentioned. Defendants' dwelling house and outbuildings were located on the 40-acre tract situated immediately west of the section line and highway. The transmission line of plaintiff in error, plaintiff below, runs north and south on the west side of the section line near the dwelling house and outbuildings of defendants and the transmission lines traverse only the 40-acre tract of land.

For reversal plaintiff in error contends that the damages awarded are excessive, and that the verdict was rendered under the influence of passion and prejudice.

There is no basis in the evidence for the assertion that passion or prejudice influenced the verdict, and as a result of oral argument, and from our review of the record we are convinced that the amount of the judgment, while liberal, is amply supported by evidence.

As suggested by the brief of plaintiff in error, p. 22, the witnesses of plaintiff in error fixed the depreciated value of defendants' property at approximately $300, while the witnesses of the defendants below placed this depreciated value at approximately $3,000.

The rule is recognized by both parties to this appeal that compensation in this character of litigation may be awarded both for the land actually taken and for all consequential damages arising from the erection and maintenance of structures upon the lands taken. Postal Telegraph Cable Co. v. Peyton (Ga.) 52 S. E. 803.

In the case of Oklahoma Natural Gas Co. v. Coppedge, 110 Okla. 261, 237 P. 592, we held:

"* * * In ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

It is observed that the evidence as to the depreciation in value of the premises as adduced by defendants below contemplated danger on account of lightning being rendered more likely by the high voltage transmission line erected by plaintiff in error.

Decisions from other states are presented, Illinois Power & Light Co. v. Talbott (Ill.) 152 N. E. 486, and Kentucky Hydro Elec. Co. v. Woodard (Ky.) 287 S. W. 985, wherein it is held that in condemnation proceedings such a measure for recovery is too remote, speculative, and uncertain to afford a basis for allowance of damages.

We find no fault with this general proposition of law. However, we are governed in the cause at bar by a rule of our own court which, though not allowing recovery to be solely predicated upon such danger, does allow such hazards to be taken into consideration as affecting the market value of the land.

In Wichita Falls & N. W. Ry. Co. v. Munsell, 38 Okla. 253, 132 P. 906, it was held such increased dangers or added hazards do not constitute independent elements of damages for which a specific award may be made, but such facts when proven, together with any other inconveniences or damages occasioned by the construction, may be considered by the jury in determining the value of that part of the land not taken but damaged. Such was the rule stated in an instruction given and approved on appeal in the case of St. L., E. R. & W. Ry. Co. v. Oliver, 17 Okla. 589, 87 P. 423:

"In determining the depreciation in value of this land by the construction and operation of a railroad across said land, if any depreciation has been caused, you have no right to include in your estimate any damages from loss by probable fires. The law requires the railroad company to pay for all losses occasioned by fires set out by it, and such losses cannot be recovered until they actually occur; nor can damages be allowed for the probable loss for killing stock or frightening teams. But if the mere fact of operating trains across the farm, with its probable attendant danger of fires, killing of stock, frightening teams, noises, etc., depreciates the salable value of the land and decreases its actual, reasonable market value, then any such depreciation may be considered by you in assessing the damages to the remaining portion of said land."

See, also, City of Muskogee et al. v. Hancock, 58 Okla. 1, 158 P. 622, as to compensation for consequential damages.

It is contended that error occurred in the admission of evidence as to the value of the farm as a whole; that the evidence should have been restricted to the 40 acres upon which the residence and outbuildings were

located, and over which the transmission line passed.

It is to be noted that the trial court by instruction limited the jury to consideration of the evidence as to the depreciation in value of the particular 40-acre tract traversed by the transmission line, and excluded from the jury's consideration evidence as to the market value of the farm as a whole. As we view it, reasonable minds might differ as to the extent of damage to be apportioned to outlying tracts of land embraced in one farming enterprise.

We find no reversible error in the action of the trial court.

An examination of the evidence and instructions convinces us that the cause was fairly tried. Accordingly the judgment based upon the verdict of the jury must be, and the same is, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.