WILKERSON, Adm'r, et al. v. GRAND RIVER DAM AUTHORITY.

No. 30906.   March 6, 1945.

Rehearing Denied Sept. 18, 1945.

*161 P. 2d 745.*

Wilbur J. Holleman and Lashley & Rambo, all of Tulsa, and Harve N. Langley and Ben L. Murdock, both of Pryor, for plaintiffs in error.

R. L. Davidson and Edw. P. Marshall, both of Tulsa, for defendant in error.

PER CURIAM. This is an appeal by the condemnee from a judgment of the district court of Mayes county rendered on the verdict of a jury in a condemnation proceeding.

The proceeding was instituted by Grand River Dam Authority, a corporate instrumentality of the state, to condemn 341.88 acres of land which constituted the most valuable portion of a grain and stock farm consisting of 633.7 acres and which was owned by Winifred T. Wilkerson. The commissioners appointed to view and appraise the damage which would result from the taking of the 341.88 acres fixed the sum of $20,370.75. Winifred T. Wilkerson declined to accept the award so made and filed objections thereto and demanded that a jury assess the damage. Thereafter trial was had to a jury which returned a verdict assessing her damage at the sum of $21,250. Motion for new trial was filed in due time and during its pendency Winifred T. Wilkerson died, whereupon the cause was revived in the name of her administrator. The motion for new trial was overruled and this appeal perfected.

As a matter of convenience we will hereafter refer to the parties as they appeared in the trial court, that is, the Grand River Dam Authority, as plaintiff, and the administrator of the estate of Winifred T. Wilkerson, deceased, as defendant.

Error in the admission or exclusion of evidence and in the refusal to give a number of requested instructions and in certain instructions given are the grounds urged for reversal of the judgment below.

John Bogle, a witness for the defendant, had testified that defendant's lands were worth from $60 to $70 per acre and on cross-examination was asked whether or not he had sold certain lands to the plaintiff for which he had received less money. The defendant says this was error for the reason that it constituted evidence of value by comparison and in violation of the rule as announced in 22 C.J. 760; Dean v. Hawes, 29 Cal. App. 689, 157 P. 558; In re Graves, 182 Fed. 443; Ft. Worth and D. C. Ry. Co. v. Hapgood (Tex. Civ. App.) 201 S.W. 1040. We are unable to agree with the contention so made. The purpose of the cross-examination was to test the credibility of the witness and not to prove value. This was permissible. See 70 C. J. 649; Indianapolis & Cincinnati Traction Co. v. Shepherd, 35 Ind. App. 601, 74 N.E. 904. Defendant further states that it was error to permit one Clark A. Yeats, a land appraiser, and Dr. H. J. Harper, a professor of soils at Oklahoma A. & M. College, to testify regarding the value of the lands involved from their inspection and based upon their knowledge and peculiar experience. Our attention is directed to Mauvaisterre Drainage and L. District v. Wabash Ry. Co., 299 Ill. 299, 132 N.E. 559, 22 A.L.R. 944; Michael v. Crescent Pipe Line Co., 159 Pa. 99, 28 Atl. 204; Wichita Falls and N. W. Ry. Co. v. Munsell, 38 Okla. 253, 132 P. 906, as sustaining the proposition that the foregoing witnesses were not qualified to testify. An examination of the cited cases will reveal that they involve situations where the

witnesses admittedly had no knowledge of and had not seen the property concerning which they were attempting to testify. The case at bar presents an entirely different situation. Both of the witnesses were shown to have knowledge and peculiar experience which they had applied on inspection to the lands here involved. See Wichita Falls & N. W. Ry. Co. v. Harvey, 44 Okla. 321; 144 P. 581.

Whether witnesses are shown to be sufficiently qualified to testify is a matter which rests largely within the discretion of the trial court, and unless it is shown such discretion has been abused to the substantial prejudice of the complaining party, this court will ordinarily not interfere with the ruling of the trial court thereon. It is not shown that defendant was prejudiced by the admission of this testimony.

Defendant next complains of the refusal of the trial court to admit the introduction of evidence relative to inability to maintain a herd of 25 cattle on the lands which would remain after the 341.88 acres had been taken as said herd had theretofore been maintained, and in this connection defendant urges error in the refusal to give its requested instructions Nos. 5 and 15. The evidence to which objection was sustained was offered to establish a damage over and in addition to that which would result from the taking of the 341.88 acres and the damage which would be done to the remainder of the lands. Defendant contends that this evidence was admissible under the authority of Blincoe v. Choctaw, O. & W. R. Co., 16 Okla. 286, 83 P. 903; Arkansas Valley & W. Ry. Co. v. Witt, 19 Okla. 262, 91 P. 897; Oil Fields & S. F. Ry. Co. v. Treese Cotton Co., 78 Okla. 25, 187 P. 201, and that it was error therefore to refuse requested instructions based thereon. The evidence to which objection was sustained did not show any of the elements involved in the cited cases. Under these circumstances any discussion of the rule enunciated in the foregoing cases becomes unnecessary. Defendant was not entitled to recover damages in addition to those which would be sustained as a result of the taking of the land and the injury done to the remainder and evidence offered to support a claim for damages in addition thereto was properly excluded. City of Cushing v. Buckles, 134 Okla. 206, 273 P. 346. For the reasons previously stated, the requested instructions were properly refused. See Merchants & Bankers Guaranty Co. v. Washington, 185 Okla. 532, 94 P. 2d 930; Miller v. Price, 168 Okla. 452, 33 P. 2d 624.

Defendant next complains of refusal to give instructions Nos. 4 and 8 as requested by her. The substance of both of these requested instructions was included in instruction No. 4 given by the court relative to the element of damages where private property is taken or damaged for public use. It is not error to refuse requested instructions where the substance of the law set forth therein is embodied in the charge given by the court. Helmerich & Payne v. Green, 183 Okla. 164, 80 P. 2d 573.

Defendant next complains of the refusal to give her requested instruction No. 6 so as to instruct the jury that she would be entitled to recover for the destruction of a road appurtenant to the premises. The court in instruction No. 7 as given we think fairly covered the substance of the instruction requested. The evidence in the case at bar was in substantial agreement with respect to the fact that 341.88 acres of land which was being taken by the plaintiff would destroy substantially the entire value of the farm involved and render the remainder of 299.82 acres, and on which the improvements were situate, greatly depreciated in value both by reason of the lack of agricultural land to sustain farming operations thereon and the inaccessibility of the remaining property to markets or other points. The evidence was in conflict with respect to the value of the property prior to the taking of a portion thereof by plaintiff and the value of the remainder after such taking. The evidence of defendant tended to establish the value of the property prior to the taking at upward

of $50,000 and of the remainder at around $2,000. Whereas the evidence of plaintiff tended to establish the value of the entire property prior to the taking at approximately $20,000 and of the remainder after said taking at approximately $4,000. Under the evidence so submitted it was for the jury to determine the amount of damage sustained. In so doing we must conclude that they took into consideration all of the detriment which defendant would sustain under the rule as enunciated in Oklahoma Gas & Electric Co. v. Kelly, 177 Okla. 206, 58 P. 2d 328; Champlin Refining Co. v. Donnell, 173 Okla. 527, 49 P. 2d 208, and City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101. For the foregoing reasons we hold that the refusal to give defendant's requested instructions Nos. 1, 9, and 13 was not error.

Defendant next contends that it was error to refuse her requested instruction No. 11 to the effect that interest should not be included in the amount of damages found to have been sustained but that interest should have been awarded by the court in the judgment. Plaintiff concedes that defendant is entitled to interest on the difference between the $21,250 damages as found by the jury and the $20,370.75 which was awarded by the commissioners and paid into court for the defendant at the time of the taking by the plaintiff. The instruction was properly refused for the reason that the jury was called upon to determine the amount of damage which defendant had sustained as a result of the taking and this is fixed as of the date of the taking on December 23, 1938. The defendant, however, was entitled to interest on the difference of $879.25 between the award of the commissioners and the amount assessed by the jury, and in this respect the judgment is modified so as to allow defendant interest at 6 per cent on said sum from December 23, 1938.

The complaint of defendant that the court erred in refusing to give requested instruction No. 12 is wholly lacking in merit. The requested instruction was, in substance, a quotation of the 5th paragraph of the syllabus of Watkins v. Board of County Commissioners, 70 Okla. 305, 174 P. 523, and while correct as an abstract proposition of law, had no application to the issue which the jury was called upon to determine.

Defendant complains that instruction No. 3 as given by the court was erroneous in that it advised the jury to disregard and not consider any increase *"or decrease"* in the market value of the lands due to the construction or proposed construction of the Grand River Dam Project. The instruction is erroneous in the inclusion of the word "decrease" therein. The error in this instruction, however, appears to have been cured by other instructions given by the court and not to have been such as would mislead the jury and hence not reversible error.

The defendant further complains of instructions Nos. 7 and 9 as given by the court. The criticism of instruction 7 is that it disregards the buildings and improvements and the injury done to the remaining land. The instruction is not erroneous for the reason stated and defendant makes no serious attempt to contend to the contrary. The criticism of instruction No. 9 is that the instruction advised the jury that the burden was upon the landowner to make out her case by a fair preponderance of the evidence. Defendant contends that this is contarary to the rule announced in Watkins v. Board of County Commissioners, supra. The contention is without merit. Defendant assumed the burden of proof in the trial court and proceeded upon the theory that the burden was upon her, and, if there was error in the instruction, which we do not here decide, she may not now complain thereof. See St. Louis, K. & N. W. Ry. Co. v. Knapp, Stout & Co., 160 Mo. 296, 61 S.W. 300; 29 C.J.S. 1256.

The final contention of the defendant is that the court should not have permitted the jury to view the premises since the condition of the premises had changed since the land had been taken

in December, 1938. It was discretionary with the court whether an inspection of the premises should be had by the jury. City of Ponca City v. Lewis, 177 Okla. 390, 60 P. 2d 727, and the court does not appear to have abused its discretion in this respect.

The judgment is therefore affirmed, with directions to the trial court to modify the same so as to give defendant interest upon the $879.25 at 6 per cent per annum from December 23, 1938.

Affirmed as modified.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.