THOMAS et al. v. STATE ex rel.
COM'RS OF LAND OFFICE.

No. 32203. Sept. 17, 1946.

Rehearing Denied Oct. 8, 1946.

*172 P. 2d 973.*

Arnote & Arnote, of McAlester, for plaintiffs in error.

Everett H. Welborn, Cecil C. Cohoon, and Richard A. Jackson, all of Oklahoma City, for defendant in error.

BAYLESS, J. The State of Oklahoma, on relation of the Commissioners of the Land Office, instituted an action in the district court of Latimer county against Ella Thomas et al. for the purpose of foreclosing a real estate mortgage. It is asserted that the note and mortgage were executed by Topha Thomas, now deceased, and Ella Thomas, and the defendants were Ella Thomas as widow and the surviving children of Topha Thomas. The judgment of the court, based on the verdict of the jury, was for the plaintiff, and the Thomases appeal.

The principal defense asserted by Ella Thomas was that she did not execute the note and mortgage sued on, and that since the mortgage covered the family homestead the note and mortgage were invalid and constituted no claim against her nor lien upon the real estate involved. The state's proof consisted of the instruments bearing her purported signature, the testimony of a handwriting expert identifying the signatures, with the exception of her purported signature on two interest coupons, as genuine, and the testimony of a notary public that she took the acknowledgment of the husband and wife to the mortgage. On the part of the defense, in addition to relying upon the apparent forgery of her signature to two of the coupons, Ella Thomas testified positively that she did not execute the note and mortgage, and testified further to a state of facts tending to corroborate her in this, including the fact that she and her husband, although not divorced and making their home in the same house at stated periods, were separated and estranged and not living as husband and wife. The Thomases do not urge that the evidence upon this point is not sufficient to go to

the jury upon the issue, but they do assert a number of legal defenses concerning the competency and admissibility of some of the evidence and other errors of law for the purpose of obtaining a reversal.

It is first asserted that the trial court erred in permitting the plaintiff to file an amended reply on the day the case was called for trial. It is argued first that the amended reply, which set up a plea of estoppel, was insufficient under the rule announced under Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921, and other decisions holding that estoppel is an affirmative defense which must be pleaded affirmatively and in detail. The other point is that it was an abuse of discretion to permit the filing of the amended reply since the inclusion of the new matter constituted a departure. Upon consideration of the issues as they stood at the time the court granted permission to file the amended reply and the wide discretion that is vested in trial courts in allowing such amendments to be filed, we are of the opinion that no error was committed in this respect. The language of the amended reply was to the effect that Ella Thomas was estopped to deny the execution of the note and mortgage without stating particular reasons therefor, unless it was that the language following that allegation charging that she had ratified the transaction by silence and had admitted the existence of the debt are sufficient allegations of fact upon which to base the plea of estoppel. We are of the opinion that this is true and base our ruling thereon.

It is next contended that the trial court erred in overruling the defendants' application for a continuance of the trial. This application is rather lengthy and detailed in its statement of the reasons for seeking the continuance. It appears that after a deposition was taken of the notary public, Ella Thomas decided that the testimony of the father of the notary public would corroborate her testimony denying that she acknowledged the mortgage. She, thereupon, very near the date of the trial, issued a subpoena for the father of the notary public, but was unable to obtain service of the subpoena upon him or to procure his attendance at the trial of the action. There is a long list of authorities prior and since Hope v. Gordon, 174 Okla. 368, 50 P. 2d 669, holding that the granting or overruling of a motion for continuance is, in the absence of an abuse of discretion, not ground for reversal. Specifically, in Oil Reclaiming Co. v. Reagin, 169 Okla. 505, 37 P. 2d 289, we held that where the court refused to grant a continuance because of the absence of a witness whose testimony was sought to corroborate one witness and to contradict another, there was no abuse of discretion. There is no merit in this contention.

It is next contended that the trial court erred in admitting in evidence, over the objection of the defendants, a certain letter written by the handwriting expert to Ella Thomas. The record discloses that two or three years prior to the trial of the action Ella Thomas submitted to a handwriting expert admittedly genuine specimens of her signature and purported signatures which she charged were forgeries and sought his expert advice thereon. This expert wrote her a letter in which he advised her that the signatures of two coupons on the note were forgeries, being, in his opinion, written by her husband. However, he insisted that her signatures upon the note and mortgage were genuine despite her assertion to the contrary. At the trial of the action he was examined and cross-examined by the parties and the letter was referred to several times, and he took it into his possession from defense counsel for the purpose of refreshing his recollection. Thereupon, the plaintiff insisted that the letter be admitted in evidence and the trial court acceded thereto over defendants' objection. In view of all of the evidence that is in the record, including the testimony of the expert witness, we are of the opinion that the admission of the letter in evidence was at most harmless error. The defense constantly referred to the letter although insisting here that they limited

452

their references to that part relating to the two coupons. In addition to this, the use by the expert who wrote the letter of the letter for the purpose of refreshing his memory served to call the matter to the attention of the jury. The letter was at most corroborative of the testimony which the expert gave, or at least was not inconsistent therewith, and under the circumstances could not have harmed the defendants by being admitted in evidence. Another item of evidence was admitted over the objection of defendants, this being a composite photograph of the admitted and contested signatures of Ella Thomas. That is to say, the expert had these admitted and contested signatures photographed on one sheet of paper in close juxtaposition for purposes of comparison and this sheet of paper was submitted to the jury. The authorities cited by defendants in support of their contention that this was erroneous are among the earlier holdings of the courts on this subject. Since that time the matter of admitting photographic evidence has become widespread and the courts have very generally changed their rulings thereon. It is now usually recognized that photographic evidence, even composite photographs for comparison purposes, are admissible in evidence where the authenticity and scientific accuracy are reasonably accounted for. In this case the expert testified that the composite photograph was made under his supervision and in his presence and was such as suited him for the purpose of comparison and study as the basis for an opinion. We think the admission of this exhibit in evidence was proper and furnished a very convenient method of submitting to the jury the admitted and contested signatures for their study. We observe that the defendants do not contend that this composite photograph is inaccurate or that the signatures as they are made to appear thereon are distorted or in any wise altered. The rule laid down in the textbook on Photographic Evidence, Scott, and the authorities cited therein, support our view in this respect. See, also, 20 Am. Jur. 625 et seq., secs. 752 and 754, and 32

C.J.S. p. 613 et seq. and § 815, p. 747. Complaint is made of the admission of certain answers which the notary public made to questions asked her regarding her recollections of the transaction in which she took the acknowledgment to the mortgage. The acknowledgment had been taken many years prior to the time the notary testified and she was perfectly candid in admitting the basis upon which she formed her answers. The testimony complained about was her affirmative answer to a question as to whether she knew that the persons whose names appeared in the acknowledgment and whose signatures appeared on the mortgage appeared before her although she had no present recollection of the particular instance. The circumstances under which she testified to the taking of the acknowledgment and of her custom concerning the taking of acknowledgments and her recollection thereon were sufficient to justify the trial court in submitting this evidence to the jury for its consideration. When we consider that when Ella Thomas testified positively that she did not appear before this notary public for the purpose of having her acknowledgment taken and further testified that she had since had a conversation with the notary public in which the notary public, so she testified, stated that she did not appear before the notary public for the purpose of having her acknowledgment taken, it shows that this entire matter was an issue proper to be submitted to the jury under the circumstances.

The next assignment of error is that the trial court erred in excluding certain evidence offered by the defendants. Ella Thomas undertook to testify that after she had written letters to the Commissioners of the Land Office and otherwise admitted the existence of the note and mortgage and had made effort to borrow money to pay them off, that she consulted a lawyer in Oklahoma City and was advised by him that her signature to the note and mortgage was necessary to their validity. The trial court refused to admit her testimony to this effect. The purpose of offering

this evidence was to explain her purported ignorance of the legal effect of the note and mortgage as binding obligations upon her and against her homestead even in the absence of her signature. The defendants offer no argument in support of this other than the bare statement of the proposition and cite no authorities. We treat it, therefore, as being regarded by them as without merit and without support.

The defendants object to the court's refusal to give certain instructions they requested and to the giving of certain instructions over their objections. We have considered the instructions requested by the defendants and have viewed them in the light of the issues raised in the trial and in the light of the instructions given by the trial court and are of the opinion that no error was committed in this respect. The primary issue made and tried by the parties turned on what the facts disclosed to the jury about the validity of Ella Thomas' signature. The issue of estoppel and the incidents of ratification and admission of liability were, in a sense, secondary. The evidence in this record concerning the validity of the signature of Ella Thomas to the note and mortgage is ample to sustain the jury's verdict, irrespective of the other issues. Her conduct over the course of the years following her husband's death and following the efforts of the Commissioners of the Land Office to cancel this debt wherein she admitted the existence of the debt and did not deny the authenticity of her signature on the debt, if she knew her signature was on the note and mortgage, and her efforts to borrow money to pay it off, were factors which the jury were entitled to consider in judging the facts of the case.

The judgment appealed from is affirmed.

GIBSON, C.J., and RILEY, OSBORN, and DAVISON, JJ., concur. HURST, V.C.J., dissents.