WESTERN FARMERS ELECTRIC COOP-
ERATIVE, a Corporation of Anadarko,
Oklahoma, Plaintiff,

v.

Yada YATES, individually and Yada Yates,
as the Executrix of the Estate of Elmer
Yates, deceased, Defendants.

No. 36485.

Supreme Court of Oklahoma.

Sept. 27, 1955.

H. C. Ivester, Sayre, Harry C. Hicks, Hollis, for plaintiff in error.

Oden & Oden, Ryan Kerr, Yates & Braddock, Altus, for defendants in error.

DAVISON, Justice.

This is an action in condemnation, brought by the plaintiff, Western Farmer's Electric Co-operative, Inc., against the defendant, Yada Yates, individually and as Executrix of the Estate of Elmer Yates, deceased. The parties will be referred to as they appeared in the trial court.

The plaintiff, being in the business of transmission and sale of electrical energy, had the power of eminent domain for the purpose of acquiring rights of way for its transmission lines. Plaintiff, individually and in her official capacity was the owner of a quarter section of land in Jackson County, across the south end of which it

was necessary for plaintiff to have a right of way 100 feet wide for the construction of its transmission line. The parties being unable to agree on the price of the land to be taken, this action was filed on September 9, 1952, seeking the appointment of commissioners for appraisal of the damage. Said commissioners appraised the damage to defendant's land by reason of its appropriation at $2,300. Upon appeal therefrom by plaintiff, trial was had to a jury which returned a verdict for defendant in the amount of $3,250. From the judgment rendered upon that verdict, plaintiff has perfected this appeal.

■ Without argument or citation of authority, plaintiff states that it was error of the trial court to force plaintiff to try this case to the same jury to whom a number of similar cases had been tried. The record does not disclose any motion for a continuance nor objection in the trial court to such trial. On the other hand, it does disclose that, when the case was called for trial, plaintiff, without reservation, announced ready. The position is without merit. Suffice it to say that this court, in the case of Shaw v. Cross, 83 Okl. 273, 201 P. 811, pointed out that a plaintiff, having gone to trial without having a motion for continuance "acted upon by the trial court, will be deemed to have waived his motion."

■ Plaintiff next urges that the amount of damages awarded by the verdict and judgment was excessive. The measure for determining that damage to which a condemnee is entitled when his land is taken under the power of eminent domain is "the market value of the property actually taken and damage for the depreciation of the value suffered by the remainder under the holding in City of Cushing v. Sarber, 92 Okl. 59, 217 P. 866, and [Incorporated Town of] Sallisaw v. Priest, 61 Okl. 9, 159 P. 1093". City of Cushing v. Buckles, 134 Okl. 206, 273 P. 346, 347.

The evidence shows that in recent years, the method of farming has radically changed because of the advancement in mechanical farm equipment. A small tract of land, considered as an individual unit, might be of a modest value and yet, when considered as an integral part of a large mechanized farming operation, it might have a value which, not too long ago, would have been exorbitant.

The right of way here involved consisted of a strip of land one hundred feet wide across the entire south end of a 160 acre tract, one half mile square. Running diagonally across the quarter section in a northeast to southwest direction a railroad right of way cut off a triangular field in the southeast corner of approximately 30 acres. That was the field which would suffer the greatest injury. It was bounded on the east by another electric transmission right of way with poles and wires, etc. Its diagonal or northwest side was the said railroad with telegraph poles and wires along it. The right of way here sought across the south boundary would complete the encirclement of the tract with wires and poles. The field was a very fertile and valuable farm tract whose productiveness was largely dependent upon irrigation at the proper times and in the proper amounts. Insects, weeds and diseases thereon were, in the main, controlled by dusting the growing crops from low flying airplanes. One of the owners placed the reduction in value of that tract at $5,000. Another witness was an expert in such matters having had nearly nine years experience in irrigation and soil conservation work and some six years making farm loan appraisals, after receiving a degree from Oklahoma A & M College in that field. He explained the effect of the right of way on the irrigation problem. He also detailed how the other sides of the farm were hemmed in by the other rights of way causing the south end of the farm to be a necessity if dusting of the crops was to be done by airplane. He fixed the loss in value at $3,418, being the difference in value of the entire 30 acres before and after the taking of the right of way and construction of a power line.

The facts and the question for determination in the case now before us are distinctly different from those in the case of Oklahoma Turnpike Authority v. Strough, Okl., 266 P.2d 623, quoted and relied upon by plaintiff in its brief. In the reported case, the damage sought to

be recovered was for possible damage, to pecan trees on the land, from flood waters which might result from the construction of a highway. In the case at bar, the damage suffered by defendant was for the existing reduction in the market value of the land because of the increased cost of cultivation actually resulting from the construction of the "high line."

The distinction is readily apparent and the reasons why much of the testimony objected to by plaintiff was competent are clarified when this case is considered in the light of the opinion in the case of Oklahoma Gas & Elec. Co. v. Kelly, 177 Okl. 206, 58 P.2d 328, 329. Therein, the earlier case of Oklahoma Nat. Gas Co. v. Coppedge, 110 Okl. 261, 237 P. 592, is quoted as follows:

" 'In ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value.' "
and then it is said,

" * * * such increased dangers or added hazards do not constitute independent elements of damage for which a specific award may be made, but such facts, when proven, together with any other inconveniences or damages occasioned by the construction, may be considered by the jury in determining the value of that part of the land not taken, but damaged."

In the Strough case, supra, no recovery could be had for damage that might be done to the pecan trees in the future but, in the Kelly case, supra, and in the case at bar recovery was proper for damage presently existing (reduced market value of the land) resulting from the probable expense, hazard and inconvenience in the proper use and enjoyment of the property by the owner.

The jury viewed the premises personally and, after also hearing plaintiffs witnesses testify that the depreciation was between $350 and $900, found by its verdict that defendants were entitled to recover $3,250.00. It was pointed out in the case of Rose v. Board of Co. Comm'rs of McCurtain County, 206 Okl. 105, 241 P.2d 399 that,

"This court has repeatedly held that where, in a condemnation case, the evidence reasonably supported the verdict of the jury it will not be disturbed on appeal. Denney v. State ex rel. King, 179 Okl. 35, 64 P.2d 298; City of Cushing v. Pote, 128 Okl. 303, 262 P. 1070; Midland Valley Ry. Co. v. Goble, 77 Okl. 206, 186 P. 723; Smith v. Star Mercantile Co., 54 Okl. 502, 153 P. 1188."

Following that rule, which is here applicable, the judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD, and JACKSON, JJ., concur.

HALLEY, J., dissents.