WESTERN FARMERS ELECTRIC COOPERATIVE, a Corporation of Anadarko, Oklahoma, Plaintiff in Error,

v.

Albert SMITH and Edna C. Smith, Defendants in Error.

No. 36488.

Supreme Court of Oklahoma.

Sept. 27, 1955.

H. C. Ivester, Sayre, Chamberlin & Slagle, Frederick, for plaintiff in error.

Ryan Kerr, Yates & Braddock, Oden & Oden, Altus, for defendants in error.

DAVISON, Justice.

Except for the amount of the verdict and judgment and the identity of the land involved and of the defendants, the first proposition presented in the instant case is generally the same as that discussed under syllabus number II in the case of Western Farmers Electric Cooperative v. Yates, Okl., 288 P.2d 723. However, the case at bar does not involve exceptional damage to an isolated field as did the Yates case, supra.

The additional proposition presented is that the verdict of the jury, fixing defendants' damage at an amount 50 per cent above that fixed by the commissioners, was excessive and appeared to have been given under passion and prejudice.

■ There have been few cases in this jurisdiction dealing with the application of 12 O.S.1951 § 651, subds. 4 and 5 to alleged excessive verdicts for damages to property. However, the Territorial Court discussed the question at length in the case of Weller v. Western State Bank, 18 Okl. 478, 90 P. 877, wherein it reversed the order of the trial court granting a new trial upon the grounds of the verdict being excessive. The following statement therein made, although outlining the authority of the trial court, states the sound rule, to which a majority of the appellate courts adhere, to-wit:

"We can hardly presume that, where the question of damages is one for the jury to determine, and where the jury are properly instructed as to the law, and act without passion or prejudice, and with cool, calculating, and deliberate judgment render a verdict for damages based on the evidence, the trial court would substitute his individual judgment as to the amount of judgment for the combined judgment of the 12 jurors, in the absence of any influence of passion or prejudice acting upon the minds of the jury. This provision in our statute is no doubt an equitable, just, and salutory one. As the judgment of 12 intelligent, candid minds, acting with coolness and deliberation in assessing the amount of damages, where the question is absolutely within the province of the jury, it should not be disturbed for the sole and only reason that it does not meet with the approval of one man, although that one man may, for the time being, be the presiding officer of that court. This provision is one that has met the approval of most all of the courts of last resort who have passed on the question, and we can only account for the action of the district court in granting a new trial or compelling a remittitur upon the theory that the court, in his individual judgment, believed that the damages were excessive, and overlooked the restriction of limitation of our Code that such excessive damages would not be a cause for granting a new trial, unless the court believed the same was rendered under the influence of passion or prejudice."

The conclusion is in harmony with the established policy of this court in cases involving verdicts for damages for personal injuries, as stated in the case of Ponca City v. Reed, 115 Okl. 166, 242 P. 164, as follows:

"A verdict will not be set aside for excessive damages, unless it clearly appear that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or have totally mistaken the rules

of law by which damages are regulated."

In the case now before us the witnesses fixed the damages suffered by defendants at amounts varying from $1,200 to $7,000. The verdict of the jury, based upon that testimony and upon its personal view of the premises, found the damage to be $4,000. From a careful consideration of the entire record, we cannot say that the verdict is so excessive that we should substitute our judgment for that of the jury.

As to the other proposition presented, syllabus number II and the discussion thereof contained in cause number 36,485, supra, is controlling and is adopted herein.

Judgment affirmed.

WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., concur.