The CITY OF PAULS VALLEY, an Oklahoma Municipal Corporation, Plaintiff in Error,

v.

R. E. PRUITT and Audie Pruitt, Defendants in Error.

No. 37042.

Supreme Court of Oklahoma.

Sept. 17, 1957.

S. H. King, Pauls Valley, for plaintiff in error.

Haskell Paul, Pauls Valley, and William G. Paul, Oklahoma City, for defendant in error.

WELCH, Chief Justice.

The City of Pauls Valley, herein referred to as plaintiff, filed an action in district court against R. E. Pruitt and Audie Pruitt, hereinafter referred to as defendants, for condemnation of a certain 40 acre tract of land owned by the defendants. The plaintiff sought the land for a lake site and water reservoir for use as a water supply. Thereafter commissioners were appointed by the court to make an appraisement of the value of the land involved. The Commissioners appraised the value of the surface and the surface rights of said land at the sum of $8,500.

The plaintiff filed objection to the commissioners' report and demanded a jury trial, and the proceeding was assigned on the jury docket of the said court. After introduction of evidence the jury fixed the value of the land at $9,000.

Judgment was rendered by the court on said verdict of the jury and from this verdict and judgment the plaintiff has appealed to this court.

The plaintiff here presents and argues assignments of error under propositions stated as follows:

"First, that the trial court erred in rejecting competent evidence and refusing to permit witnesses to express their opinion as to the value of the land involved, and such rejection was an abuse of the discretion of the trial court and prejudicial to the rights of the plaintiff."

"Second, that the verdict and judgment of the court was clearly against the clear weight of the evidence."

"Third, that the verdict and judgment was excessive and unreasonable and rendered as a result of bias, prejudice and based on speculation and conjecture."

Herein it was the duty of the jury to find the fair market value of the property involved as taken by the plaintiff for use of the plaintiff.

Two witnesses called before the jury gave testimony of a substance that they were familiar with prices paid for land in the neighborhood of the land here involved, and had been on said land. These witnesses expressed opinions that the fair value of said land is $10,000 or $12,000.

Three witnesses gave testimony that the fair market value of the land was $5,400.

■ Two witnesses were called to express their opinions as to the value of the land involved, but their testimony was rejected by the court on stated grounds that these witnesses were not shown to be qualified to testify as to the value of the land.

It is here argued by the plaintiff that such rejection was an abuse of the discretion of the court and prejudicial to rights of the plaintiff.

However, it does not appear that there was any substantial prejudice to the plaintiff or abuse of discretion in rejection of the witnesses' testimony which was but corroborative of like testimony of others of the value of the land at about $5,400.

■ In the case of Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745, 747, which involved condemnation, the court said:

"Whether witnesses are shown to be sufficiently qualified to testify is a matter which rests largely within the discretion of the trial court and unless it is shown such discretion has been abused to the substantial prejudice of the complaining party this court will ordinarily not interfere with the ruling of the trial court thereon. * * *"

■ Plaintiff raises the further question, that the verdict and judgment of the court was clearly against the weight of the evidence and was not supported by the evidence.

The testimony as to the value of the lands involved varied from $5,400 to $12,000. The Commissioners appointed by the Court to appraise said land appraised the surface and surface rights only in the sum of $8,500.

In the case of West v. Abney, 203 Okl. 227, 219 P.2d 624, the court said:

"Evidence reasonably tending to prove, either directly or indirectly or by permissive inference, essential facts, is sufficient to sustain [a] judgment."

Plaintiff also raises the question that the judgment was excessive and unreasonable.

This assignment of error is, in the opinion of the court, without merit in view of the decision in West v. Abney, cited above.

We find no reversible error in the action of the trial court in excluding certain testimony, and that said judgment was reasonably supported by the evidence.

Judgment is affirmed.