J. G. SAMARA, Michael M. Samara and Carroll Samara, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. The OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY, Defendant in Error.

No. 40458.

Supreme Court of Oklahoma.

April 2, 1964.

Rehearing Denied June 30, 1964.

Application for Leave to File Second Petition for Rehearing Denied Dec. 22, 1964.

Stagner, Alpern & Powers, Rinehart, Morrison & Cook, Oklahoma City, for plaintiffs in error.

Charles R. Nesbitt, Atty. Gen., Harvey H. Cody, Asst. Atty. Gen., Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

The State of Oklahoma ex rel. The Oklahoma Capitol Improvement Authority brought three actions in the District Court of Oklahoma County to condemn certain property. J. G. or Jake Samara was a defendant in Case No. 151,751. He was a defendant in Case No. 152,265 and Case No. 152,266, along with Michael M. Samara and Carroll Samara. These three cases were consolidated and proceeded under Case No. 152,266. Commissioners were appointed in each case and awards made. In Case No. 151,751 Jake Samara was denied an award and asked for a jury trial. In Case No. 152,265 the plaintiff demanded a jury trial. In Case No. 152,266 both plaintiff and defendants requested a jury trial. Commissioners had fixed the award to defendants at $170,750 in Case No. 152,265, and at $11,000 in Case No. 152,266, making a total allowed the defendants of $181,750. Defendants received the compensation awarded.

After the consolidation the matter was tried to a jury and verdict rendered for the defendants for $140,000 and judgment entered thereon for the plaintiff against the defendants in the sum of $41,750. From the judgment the defendants appealed.

Parties will be referred to as in the court below.

The defendants ask for a new trial on four grounds as follows:

"1. The verdict was less than is supported by the evidence.

"2. The court erred in refusing to admit competent evidence tendered by plaintiffs in error.

"3. Plaintiff was guilty of misconduct which required a new trial.

"4. The court erred in refusing to give Instruction No. 2 requested by plaintiffs in error."

We will discuss these contentions in the above order.

As to defendants' proposition One to the effect that the verdict was not sustained by the evidence, we cannot agree. There was evidence that the real estate involved here was of the reasonable value of $40,000; that Sussy's building could be reproduced for $30,884; and Samara's Shangri-La could be reproduced for $25,200, without figuring depreciation; the value of the leasehold estate was estimated by one witness at $6,960; another witness testified that the value of personal property converted was $20,000. This would total $123,044. It is well settled in this jurisdiction that in a condemnation proceeding wherein a verdict and judgment thereon is reasonably sustained by the evidence that the same will be approved on appeal. Western Farmers Electric Coop. v. Yates, Okl., 288 P.2d 723; Denney v. State ex rel. King, 179 Okl. 35, 64 P.2d 298; City of Cushing v. Pote, 128 Okl. 303, 262 P. 1070.

We cannot see that the defendants have in any way established their second proposition that the trial court erred in not admitting a statement attributed to the presiding officer of the Capitol Improvement Authority that "the appraisers for the Au-

thority agreed with defendants' witness Swan except for the rights or interests that were being appraised." (Defendants' attorneys' offer of proof) There was nothing to show that the presiding officer had any right to bind the Authority in any way.

■ 73 O.S.1961 § 152(c) provides in part as follows:

"* * * Three (3) members of the Authority shall constitute a quorum and the vote of three (3) members shall be necessary for any action taken by the Authority. * * *"

Under the foregoing the . Authority could not be bound by one member of the Authority. In 31A C.J.S. Evidence § 359, this statement is found:

"Statements of a public officer in the absence of express authority are not competent against the national or a state government or agency thereof; and while in some instances the declaration of an official may constitute an admission of the federal or state government or agency, even where the necessary authority is conferred the statement is admissible only if it was made within the scope of such authority, and contemporaneously with the event or transaction involved."

■ As to defendants' third proposition that "Plaintiff was guilty of misconducct which required a new trial", we are of the opinion that the alleged misconduct was not sufficient to justify a new trial. Certain murals were offered in evidence by plaintiff and objected to by defendants and the objection sustained. There was nothing to indicate that the defendants were prejudiced by the offer. If there was error here, which we do not see, and if it was, it would have been harmless. 12 O.S.1961 § 78.

■ We have also studied under this complaint the alleged improper cross-examination of J. G. Samara and we are unable to find any error to which the trial court did not properly sustain an objection. These questions had to do with the records and tax returns of J. G. Samara's operations of the businesses on property being

condemned. There was clearly no abuse of discretion on the part of the trial court in refusing to grant a new trial on this alleged error. See Ratcliff v. Sharrock, 44 Okl. 592, 145 P. 802; and Yarbrough v. Bellamy, 197 Okl. 493, 172 P.2d 801.

■ Defendants' fourth proposition that the trial court erred in not giving requested Instruction No. 2 is without merit because we think that the trial court's Instruction No. 9 was correct. Value for good will and loss of business were excluded both by the instruction given and the instruction requested. Instruction No. 9 is as follows:

"You are instructed that you shall render one verdict for a total sum which you find to be the fair market value, as that term is defined in these instructions, for (a) Lots 15, 16, 17 and 18, Block 3, Lucille's Addition to Oklahoma City, Oklahoma, referred to in the testimony as the Samara Lots, (b) the leasehold estate of the defendants under the lease from Tessie T. Dickson covering a portion of the Shangri-La property, (c) the portions of the two buildings owned by defendants but located on leased properties, (d) the improvements to the building owned by Tessie T. Dickson which were removable by defendants upon the termination of their lease, and including any personal property of defendants located on the premises at the time of the taking which you find from the evidence the defendants were deprived from using further or which was rendered of no further value to the defendants. Your verdict shall not include any value for good will or for loss of business and shall not itemize the various items included."

There is no marked dissimilarity between the requested instruction and the instruction given. The foregoing instruction covers the case properly. There was no reason to instruct on possible theories of plaintiff and defendants. It was simply the problem of determining the value of real and personal property that was taken by the plaintiff. In addition to this, Instruction No. 8 makes crystal clear what should be

**92**

considered in arriving at the damages to be assessed by the jury. It was not excepted to. We set out Instruction No. 8:

"Testimony has been introduced regarding the value of the real property and the leasehold interests, and as to improvements placed on the premises in question by the defendants and of which defendants claim was of no further value. The facts and circumstances shown by this testimony should be considered by the jury only in so far as it may or may not throw light on the crucial inquiry in this case, to-wit: what was the fair market value of all property, including leasehold interest, of the defendant which has been taken or damaged, and not for the purpose of furnishing separate items to be compensated for in addition to the said fair market value."

Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817; 14 Okl. Digest, Trial; ▮▮

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.