**CITY OF McALESTER, Oklahoma, a Municipal Corporation, Plaintiff in Error,**

v.

**Dominic DELCIELLO, Fay Delciello et al., Defendants in Error.**

**No. 41207.**

Supreme Court of Oklahoma.

March 29, 1966.

Arnote, Bratton & Allford, by Walter J. Arnote, McAlester, for plaintiff in error.

Tucker & May, by James M. May, McAlester, for defendants in error.

BERRY, Justice.

Plaintiff in error, hereinafter called the "City", has appealed from a judgment for

defendants for damages to real property, resulting from the taking of a part of defendants' property by condemnation.

The City is a municipal corporation authorized to condemn and take private property for public purposes. On July 8, 1963, the City passed and adopted a resolution declaring that public necessity required condemnation of a fee simple title and abutter's right of access to the property, described by metes and bounds, owned by defendants. The property sought to be condemned was to be utilized in construction of a highway project through the city. Defendants are the owners of two lots, each 100 x 152 feet, fronting on Grand Avenue in the City. Upon one lot is defendants' eleven room home, and also a brick business building occupied by defendant's plumbing shop. The land condemned, amounting to .07 acres, comprises a triangular tract 30 feet wide on the east and 5.5 feet wide on the west, across the entire frontage of defendants' property.

Prior to filing comdemnation proceedings the City sought to acquire fee simple title and abutter's right of access to the property by purchase. Upon defendants' refusal to sell the City filed this action, also naming the State and County parties defendant, in order that any existing liens from unpaid taxes could be determined prior to taking title. Commissioners were appointed by the court to view the property and assess the damages defendants would sustain as a result of the condemnation. The Commissioners fixed the sum of $8,500.00 as the value of the land and rights taken, together with the damages resulting to the remainder of defendants' property. Both the City and defendants appealed from the Commissioners' Report, and demanded a jury trial.

The matter thereafter was tried to a jury who, under instructions from the trial court as to which no error is asserted, returned a verdict assessing $15,000.00 as the amount of defendants' damages. Judgment was entered in defendants' favor upon this verdict.

The City states the basic issue on appeal is that the verdict is excessive. In support the City presents two assignments of error on appeal: (1) excessive damages appearing to have been given under influence of passion and prejudice; (2) the amount of recovery assessed by the verdict is not supported by competent evidence.

The argument under the first proposition complains that defendant Delciello, who appeared in the court room in a wheel chair, was permitted to introduce the testimony of a 9 year old grandson concerning two photographs previously taken by the boy and introduced in evidence. At most such photographs were only cumulative to other photographs made by a commercial photographer depicting the same subject. Plaintiff does not claim these exhibits inaccurately depicted the property involved, and no prejudice is shown to have resulted from admission of the two photographs in evidence. They were properly verified, and the admission of these exhibits was a matter within the discretion of the trial court. Thomas v. State ex rel. Com'rs, etc., 197 Okl. 450, 172 P.2d 973.

The trial court excluded one photographic exhibit which showed dirt piled high in front of defendants' residence during construction, but which was not a permanent condition. Before the case was submitted the trial court permitted the jury to view the premises over attorney's objections. The City now complains that, because allowed to view the premises during construction, the jury was misled into believing defendants exaggerated claim of damages. Thus the City insists granting of defendants' request to view the property involved an abuse of discretion, citing as authority Champlin Refg. Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157.

The rule stated in Donnell, supra, is that whether the jury shall be permitted to view the property is a matter within the trial court's discretion, whose ruling upon such request will not be reversed on appeal absent a showing of abuse

of discretion. This rule long has been recognized and applied. No authority is cited to support the claim that permitting the jury to view the property after exclusion of the proffered photographic exhibit constituted such an abuse of discretion. However, in this connection it should be noted that during the trial conflicting testimony was adduced, both as to the ultimate height of the road above ground level of defendants' property, and the distance the road would be from the corner of defendants' residence. There was testimony the road would be elevated approximately 8 feet at the southeast corner of defendants' property, although the scale plans called for a 12 foot roadway fill, admittedly obstructing both light and air. There also was conflicting testimony casting doubt as to the exact distance the access road would be from defendants' property and residence. The obvious discrepancies reflected in such testimony provided ample reason for the trial court's granting defendants' request for the jury to view the property. Under such circumstances it cannot be said that the court's action was an abuse of discretion.

The City's second proposition is that the amount of damages fixed by the jury was not supported by competent evidence. The argument is predicated upon the rule, so often reiterated in condemnation cases, and stated in Samara v. State, etc., Okl., 398 P.2d 89, at page 90 in this language:

"* * * It is well settled in this jurisdiction that in a condemnation proceeding wherein a verdict and judgment thereon is reasonably sustained by the evidence that the same will be approved on appeal. Western Farmers Electric Coop. v. Yates, Okl., 288 P.2d 723; Denney v. State ex rel. King, 179 Okl. 35, 64 P.2d 298; City of Cushing v. Pote, 128 Okl. 303, 262 P. 1070."

Also see Champlin Refg. Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, at page 212, where it is stated:

"This court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use. To do so would be to destroy the jury system and right of trial by jury guaranteed by the Constitution."

The entire argument under the second proposition is that the verdict is not sufficiently supported by competent evidence. Thus it is unnecessary to summarize all the testimony relative to the value and damages resulting from the taking, or relate all the items considered by various witnesses in reaching their determination, this for the reason that it need only be ascertained if there is competent evidence to support the verdict.

In his own behalf, defendant testified as to the size, location and construction of his property and buildings; had discussed property values in the area with other persons and had personal knowledge of price a vacant lot near his property had brought. His opinion as to fair cash value before taking was $55,000.00, and value after taking $15,000.00, or a total damage of $40,000.00 resulting from condemnation of the property. Defendant's qualifications to give opinion testimony were not questioned.

Defendants' expert witness (Saunier) a licensed realtor who had been associated with the building business many years, was experienced in the real estate business and familiar with defendants' property. The witness testified to the extent of damage resulting from taking, considered defendants' property virtually was destroyed for residential purposes, and also took into consideration the fact that zonnig requirements in the area would preclude defendants from rebuilding their residence should same be torn down, since buildings could not be moved due to type of construction. There was testimony that the value of defendants' property for residential purposes was destroyed. The evidence also was that after completion of the road there would be no readily accessible means left to reach defendants' property, since to get off the highway and reach defendants' place it

would be necessary to "go around the block."

Based upon experience and qualifications as a builder and realtor, and considering the condition and situation of defendants' buildings, this witness fixed value at $41,000.00 before taking and $15,000.00 after condemnation, resulting in total damages of $26,000.00.

The City introduced the testimony of three witnesses who were long-time residents and qualified realtors familiar both with the general area and the defendants' property. One witness (Haynes) fixed the entire value of defendants' property at $18,172.00 before taking and $13,172.00 afterward, or total damages of $5,000.00 resulting from condemnation.

Another witness (Brown) fixed the original value at $18,250.00 and $13,050.00 as the value after taking, the resulting damage being $5,200.00. The third witness (McKnight) gave his opinion that damages amounted to $5,000.00, based upon a value of $17,005.00 before, and $12,005.00 after condemnation.

 Although the City offers argument relative to the qualifications of defendants' expert witness, it is sufficient to observe that the question of qualification of a witness to give opinion testimony is a matter within the trial court's discretion, and the ruling thereon will not be disturbed in the absence of a clear showing of abuse of such discretion. City of Pauls Valley v. Pruitt, Okl., 316 P.2d 160; Finley v. Board County Commrs., etc., Okl., 291 P.2d 333; Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745. In Wilkerson, supra, syllabus 2 states the rule:

"The sufficiency of a showing to establish qualification of a witness as to his knowledge and special experience to testify as to value of land is a matter which rests largely in the discretion of the trial court and in the absence of a showing of substantial prejudice resulting the ruling of the trial court thereon will not be disturbed on review."

 The amount of damages awarded defendants for condemnation of their property and the abutter's right to access to the land, was well within the permissible limits disclosed by the opinion testimony of witnesses whom the trial court found qualified to testify. The weight and credibility of the expert opinion testimony was for the jury to determine. In such cases the unvarying rule applied is that stated in syllabus 2 of Oklahoma Turnpike Authority v. Daniel, Okl., 398 P.2d 515:

"This Court will not substitute its judgment for that of a jury in matters of damages to be awarded for the condemnation of property for a public use, nor will it disturb the verdict of a jury if supported by any competent evidence."

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and LAVENDER, JJ., concur.