## Pursiful, et al. v. Commonwealth and State Road Commission.

(Decided February 2, 1926.)

## Appeal from Bell Circuit Court.

1. Witnesses—Testimony as to Completed Road Admissible in Condemnation for Highway Purposes.—In proceeding to condemn land for highway purposes, testimony from plans and specifications as to how road will be constructed and protected is admissible to help jury to ascertain damage to remainder of land from taking.

2. Eminent Domain—Landowner Entitled to Value of Land Taken and Damages to Remainder.—On condemnation for highway purposes, landowner is entitled to fair and reasonable value of land taken, considered in relation to entire tract, and also to damages resulting directly to remainder of tract by reason of taking.

3. Eminent Domain—Evidence of Intent to Construct Facilities for Landowner Held Not Admissible.—In proceeding to condemn land for highway purposes, evidence of mere intent to build private driveway, steps, and other facilities for landowner's convenience held inadmissible.

4. Eminent Domain—Where Land was Taken, Finding that Owner Not Entitled to Damages Held Not Supported by Evidence.— Where it was conceded in condemnation proceeding that small quantity of land was taken, finding that landowner was entitled to nothing held not supported by evidence; he being entitled to some damages, however small.

5. Evidence—Opinion as to Change in Value of Land should Not Consider Benefits Due to Opening of Road.—Witnesses in condemnation proceeding, in giving opinions as to difference between value of tract immediately before and value of remainder immediately after taking, should exclude from consideration any benefits to land not taken by reason of opening or use of road.

JAMES M. GILBERT for appellants.

W. T. DAVIS and N. R. PATTERSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Otto Pursiful owns a residence and about two acres of land in Bell county, the title to which he acquired from James A. Pursiful and wife by deed which provided that the property should not be sold during the lifetime of the grantors. Through the property ran the old public highway leading from Pineville to Harlan. The Commonwealth and Bell county brought suit against Otto Pursiful and wife and James A. Pursiful and wife to condemn

for highway purposes a small strip of land about eight feet wide near Otto's residence and about twenty feet wide at the upper end, and containing about 2/5 of an acre. In the county court the jury fixed the damages at $300.00. On appeal by the defendants to the circuit court the jury fixed Otto Pursiful's damages at $600.00, but allowed nothing to James A. Pursiful. From that judgment this appeal is prosecuted.

While on the stand the district engineer of the State Highway Department was permitted to testify that they were going to build a cement wall along the highway and that their object was to put in a private drive near the barn to enable Mr. Pursiful to get to and from his premises. He also stated that a pair of concrete steps would be put in front of Mr. Pursiful's door for the use of pedestrians. As the landowner is entitled to recover not only the fair and reasonable cash value of the strip of land taken, considering it in relation to the entire tract, but also the damage that will result directly to the remainder of the tract by reason of the situation in which it is placed by the taking of the strip, it is at once apparent that the jury should have a clear and accurate picture of the whole situation after the improvement is made. To this end the witness may testify from the plans and specifications as to how the road will be constructed and protected, but evidence that those in charge of the work propose to build on the remainder of the land a private driveway or steps or other facilities for the convenience of the owner is not admissible in the absence of an agreement or stipulation of record, thereafter to be embraced in the judgment, binding the condemnors to make such improvements. Otherwise, the landowner might be deprived of damages to which he is justly entitled on mere proof of an intention to do something that might never be done. Here, the necessary prerequisites were wanting, and the admission of the evidence was prejudicial error.

This conclusion renders unnecessary the consideration of the claim that the damages are insufficient.

It seems to be conceded that a small quantity of land belonging to James A. Pursiful was taken. If this be true, he was entitled to some damages, however small, and a finding that he was entitled to nothing is not supported by the evidence.

In view of another trial we deem it proper to add that it should be made plain to the witnesses that in

giving their opinions as to the difference between the actual value of the entire tract immediately before, and the actual value of the remainder immediately after the taking, they should exclude from consideration any benefits to the land not taken by reason of the opening or use of the road. Gratzer v. Gertisen, et al., 181 Ky. 626, 205 S. W. 782.

We find no other error in the record.

Judgment reversed and cause remanded for a new trial in conformity with this opinion.