**KENTUCKY WATER SERVICE CO., Inc., v. CLARK et al.**

Court of Appeals of Kentucky.
March 23, 1951.

Robert F. Matthews Shelbyville, Ogden, Galphin & Abell, Percy Brown, Jr., Louisville, for appellant.

Bernard B. Davis, Shelbyville, for appellees.

SIMS, Justice.

This is a companion case to Kentucky Water Service Co., Inc., v. Gibbs, Ky., 239 S.W.2d 62. The facts and issues here are practically the same as those set out and discussed in the Gibbs opinion, hence we will not go into great detail here but will content ourselves with making reference to the Gibbs opinion.

L. L. Clark and wife owned a farm of 126.96 acres located on the east side of Burk's Branch Pike, two and a half miles north of Shelbyville. The farm, more or less rectangular in shape, fronts approximately two-fifths of a mile on the pike and extends back therefrom nine-tenths of a mile. Clear Creek flows across the southeast corner of the farm.

The record shows Mr. Clark purchased his place in 1945 for $23,000, or approximately $180 an acre; that since acquiring it he has spent much labor and money thereon and it is now quite well improved and worth $350 an acre.

Appellant company condemned 16.8 acres of the Clark land for the purpose of a reservoir when it condemned 31.1 acres of the Gibbs farm for the same purpose. Also, the water impounded cut off 6.4 acres of Clark's land in the same manner it cut off 23.7 acres of the Gibbs land. The company admits Clark has no access to this 6.4 acres.

The jury awarded Clark damages of $13,788, consisting of $5,880 for the 16.8 acres actually flooded; $6,500 for resultant damages to the remaining 110.6 acres; and $1,408 for 352 rods of fencing.

The fencing allowance was at $4 per rod, the same as allowed in the Gibbs case, and the company makes no real complaint about it. The $5,880 for the 16.8 acres flooded amounts to $350 per acre, the same amount allowed for the land flooded in the Gibbs case. The Clark and the Gibbs farms are in the same neighborhood, Clear Creek ran through both, and the testimony shows the portion taken in each instance was bottom land and of the same value on both farms. As we affirmed a judgment of $350 per acre for land flooded in the Gibbs opinion, we must do so here.

The company argues here the topography of the land denied Gibbs' livestock access to the water, while Clark's stock will have access to the impounded water, therefore Clark is entitled to no damages for the loss of stock water. As the company is paying for the use of the flooded land, we think it could prevent Clark from watering his stock from the impounded water, unless the judgment gave him such right. Pursiful v. Com., 212 Ky. 690, 279 S.W. 1106; see annotations in 7 A.L.R.(2d) 364. Here the judgment gave Clark no such right but recites appellees' use of the land "will not interfere with the operation and management of said water system". If the company did not prevent appellees' stock from standing in and drinking from the city water supply, the public health authorities would. See Brack v. Baltimore City, 125 Md. 378, 93 A. 994, Ann.Cas.1916E, 880.

In the Gibbs case the resultant damages of $15,000 to 231.66 acres amounts in round numbers to $65 per acre, and here the resultant damages of $6,500 to 110.16 acres is slightly less than $65 per acre. The resultant damages in each case were quite similar, consisting of material reduction in the size of the farm, leaving it over-improved, appropriating the most pro-

ductive bottom lands and in causing land adjoining the flooded area to become wet and soggy. Due to its small size, we think the Clark farm suffered greater resultant damages than did the Gibbs place. After approving the resultant damages in the Gibbs opinion for practically the same amount per acre the jury allowed in the instant one, we would be inconsistent to hold the damages here were excessive.

We have exactly the same question as to incompetent testimony relative to fishermen trespassing, which were disposed of in the Gibbs opinion contrary to the company's contention. Therefore, we see no reason to again discuss such evidence in this opinion.

The judgment is affirmed.