COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Pat LYONS et al., Appellees.

Court of Appeals of Kentucky.

Jan. 25, 1963.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Paul E. Hunley, Phillip K. Wicker, Dept. of Highways, Frankfort, for appellant.

H. R. Wilhoit, Grayson, for appellees.

CULLEN, Commissioner.

In connection with a project for widening and straightening U. S. Highway No. 60 near the city of Olive Hill, the Department of Highways condemned a triangular shaped strip of land, 10 feet wide at one end and 29 feet wide at the other, along the 105-foot frontage of residential property of Pat and John Lyons. The jury in circuit court awarded damages of $8000. The department has appealed from the judgment entered on that verdict.

Prior to the relocation of the highway the distance from the right of way line to the front porch of the Lyons dwelling was 26.8 feet, and the distance from the edge of the *pavement* to the porch was 41 feet. After the relocation the right of way line will be 9.3 feet from the porch and the edge of the new pavement, *according to the plans,* will be 32 feet from the porch.

The first contention of the department is that the trial court erred in refusing to permit testimony of a witness for the department as to the distance the new pavement would be from the porch of the Lyons house. (After the court refused to admit the testimony it was put in the record by avowal.) Passing for the moment the question of whether the rejection of this testimony was error, we express the view that the rejection, were it the only error in the case, would not be grounds for a reversal because, in cross-examination of another state witness by the property owners' attorney, the fact was brought out that under the plans the new pavement would be at -least 30 feet from the porch. But since we are reversing the judgment for other error it is necessary for the purposes of another trial that we pass on the admissibility and effect of the plans of the department for the highway project.

We conceive the law to be that evidence of the plans and specifications of the highway department for the particular project is admissible in order that the jury may determine to what extent the use of the remaining land will be affected. See Pursiful v. Commonwealth, 212 Ky. 690, 279 S.W. 1106; Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S.W.2d 991; 18 Am.Jur., Eminent Domain, sec. 354, p. 998; Annotation, 89 A.L.R. 879. However, the plans are not conclusive as to future use of the condemned land, and the jury is entitled to consider future uses of the property that

may be made by the condemnor. See Commonwealth v. Ball, 246 Ky. 584, 55 S.W.2d 413; 18 Am.Jur., Eminent Domain, sec. 249, p. 887.

In our opinion the testimony in the instant case as to the planned location of the pavement was admissible. The jury would be entitled to give consideration to the right of the state to construct a pavement closer to the right of way line than called for in the plans, but at the same time the jury should consider whether there is any reasonable likelihood of that being done in the light of normal highway standards.

The second contention of the appellant, on which we are reversing the judgment, is that the testimony of the witnesses for the property owners does not have sufficient probative value to support the award of damages.

There was no substantial dispute concerning the value of the piece of land actually taken, which was estimated at around $650 or $750. The main question was as to the damages to the remainder of the property. The witnesses for the state estimated that the house was worth $7,800 before the condemnation and that its value was reduced 50 percent by reason of the highway's being brought closer to the house. The witnesses for the property owners valued the house at $9,000 before the condemnation but they all said that the house was absolutely worthless after the condemnation, because of the close proximity of the highway. They also said that the remaining tract of land was worth not more than $1,000 because it was too small for residential use.

In our opinion the testimony that the house was rendered completely valueless simply because of the closeness of the highway is so incredible and contrary to common knowledge as to be without evidentiary value. See United Fuel Gas Co. v. Mauk, Ky., 302 S.W.2d 368; Commonwealth v. Rankin, Ky., 346 S.W.2d 714. Without this testimony there is no evidence to sustain the award of damages in the amount of $8000.

The judgment is reversed with directions for further proceedings in conformity with this opinion.