STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Appellant,

v.

Robbie MALONEY et al., Appellees.

No. 47058.

Court of Appeals of Oklahoma, Division No. 1.

June 3, 1975.

Release for Publication by Order of Court of Appeals June 26, 1975.

Robert W. Keahey, Oklahoma City, for appellant.

Jack Bliss, Tahlequah, for appellees.

BOX, Judge:

An appeal by the State of Oklahoma ex rel. Department of Highways, from a jury verdict in a condemnation proceeding.

On October 11, 1972, plaintiff filed Case No. C–72–154 against the defendant in Cherokee County District Court pursuant to 69 O.S.1971, § 1203. After the commissioner's report was filed on March 6, 1973, both the plaintiff and defendant filed demands for jury trial. A trial was held on September 12, 1973, and the jury returned a verdict for the defendant in the amount of $46,000.00.

The land taken by plaintiff was a narrow strip, approximately 2.9 acres, that

fronted State Highway 62. Located on the property taken was a vacant two story frame house and a small brick and rock building used by commercial tenants. After the taking the defendants were left with approximately an 87 acre tract. The land was taken by plaintiff in order to widen Highway 62 from a two-lane road to a four-lane road.

At the trial, the defendant, in his opening statement, stated that the plaintiff was taking the land in order to build a four-lane road. The plaintiff in his opening statement made reference to a road being built and the extent of defendant's lands remaining frontage on the new road. Defendant objected and moved that the statement be stricken, which the trial court sustained.

During the trial, plaintiff called the project resident engineer to testify as to the construction of the road, and to introduce into evidence construction plans and specifications concerning the new road to which defendant objected and which was sustained by the trial court.

The defendant made objections to any testimony or references concerning a new road all of which the trial court sustained. Exceptions were taken to the court's rulings on these objections.

Motion for New Trial was filed by plaintiff, which was overruled by the trial court. Plaintiff appeals.

The only question to be answered by this Court is: Did the trial court err as a matter of law in not allowing plaintiff to introduce into evidence the testimony of the resident engineer, together with the plans and specifications by which the road would be built? All parties agree that this question has not been answered by the Supreme Court of this State.

Defendants make the following statement in their answer brief, to-wit:

"Had the plans and specifications for this proposed road been attached to and made a part of the Petition in Condemnation, Defendants would agree that the same would have been admissible in evidence for the reason that the Plaintiff would then have been bound to construct the road in accordance with such plans and specifications. The plans and specifications would in that case have been a part of the lawsuit and Plaintiff's condemnation would have been based on those particular plans and specifications."

We note that plaintiff's petition specifically sets out the purpose of the condemnation suit, to-wit:

" . . . [I]t is necessary for your petitioner to acquire the tract of land hereinafter described . . . for the construction and maintenance of said State Highway System or facilities necessary and incidental thereto.

\* \* \* \* \* \*

"Plaintiff further states that it is necessary for the State of Oklahoma to acquire the fee simple title to all the surface of said tract of land in order to accomplish the public purpose of constructing and maintaining a public highway and keeping of same open to the safe and unimpeded passage of traffic thereon; . . . ."

The record before this Court shows that defendants in their opening statement, made among other statements, the following:

"MR. BLISS: On April the 5th, 1973, the highway department took this property and that they took it for the purpose of widening that road into a four-lane road all the way down to the bridge; . . . .

\* \* \* \* \* \*

"You'll get his testimony showing that this house was taken off of there; this business building was taken off there, and in the place of a two-lane road which is accessible out there, you're going to have a four-lane road from here on out which is going to be a race track. That'll be the evidence on the part of the landowner . . . . "

We believe a proper answer to defendant's statement, supra, is set out in the case of Eastvold v. Superior Court of Snohomish County, 48 Wash.2d 417, 294 P.2d 418, wherein the Supreme Court of the State of Washington, in reversing the trial court's granting landowner a new trial, held as follows:

"It is not necessary that a petition or order adjudicating public use of land be accompanied by specifications or plans showing the exact nature of the proposed construction in order to render such construction plans admissible in a trial for determination of damages.

\* \* \* \* \* \*

"A district engineer is an employee and official of the State Highway Department and is competent to testify relative to constructions plans of the Department on land being condemned by the Department."

The leading authority regarding the question now before this Court is Jacksonville and Savanna Railroad Co. v. Kidder, 21 Ill. 131 (1859) in which the plaintiff condemned land owned by the defendant in order to build a railroad track across defendant's land. The plaintiff sought to prove by a witness that in the plan and survey made by the plaintiff the defendant's damages would be reduced because of a passageway provided for in the plan. Defendant objected to the offer of proof, which was sustained. At p. 135 the Appellate Court, in reversing the judgment, held:

"We are satisfied that these plans and estimates should have been admitted. So long as it was practicable to so construct the road as to make it of greater or less damage or benefit to the land over which it passed, it was impossible for the jury to come to any correct conclusion, as to the extent of the damage or the amount of the benefit, without knowing how the road was to be built. . . .

"Indeed, it seems to us that the plan upon which the road was to be built, and the mode of construction, were of the utmost importance to enable the jury to come to a correct conclusion, . . . ."

In East Peoria Sanitary District v. Toledo, Peoria and Western Railroad Co. et al., 353 Ill. 296, 187 N.E. 512, the East Peoria Sanitary District proceeded under an eminent domain action to condemn a parcel of land owned by the Toledo, Peoria & Western Railroad Company for the purpose of constructing a tile drain and open ditch across this land. At 187 N.E. 516, the court said:

" . . . The question for the jury is, besides the ascertaining of compensation for the land taken what damages, if any, will the defendant sustain by reason of the construction of the proposed improvement in accordance with the plans of the petitioner? To answer the question requires a knowledge of those plans . . . . They were admissible because they were the plans showing the contemplated improvement for which the damages, if any, were to be allowed."

In Pursiful et al. v. Commonwealth et al., 212 Ky. 690, 279 S.W. 1106, the Commonwealth condemned land belonging to Otto Pursiful for purposes of building a highway. At p. 1107 the court said:

" . . . As the landowner is entitled to recover, not only the fair and reasonable cash value of the strip of land taken, considering it in relation to the entire tract, but also the damage that will result directly to the remainder of the tract by reason of the situation in which it was placed by the taking of the strip, it is at once apparent that the jury should have a clear and accurate picture of the whole situation after the improvement is made. To this end the witness may testify from the plans and specifications as to how the road will be constructed and protected . . . . "

In Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599, a condemnation proceeding was brought for the purpose of widening a

street. The landowner was excluded from introducing into evidence plans and specifications of the widening project. The court reversed and stated in the syllabus:

"Exclusion of plans and specifications for city's widening of street offered in evidence by defendant property owner was error, since purpose of such evidence was to show grade of that portion of street adjoining defendant's property which would have some bearing on extent and amount of damage, if any, to defendant's property remaining after condemnation proceeding."

Although in Pursiful et al. v. Commonwealth, supra, and Doty v. City of Jacksonville, supra, the landowner was trying to introduce the plans and specifications into evidence to enable the jury to accurately determine the damages to his remaining land, the plaintiff, in the case now under review, contends that it should have the same right to introduce plans, specifications, and testimony illustrating such plans, into evidence so that the jury also has the opportunity to determine the amount of damage to the landowner's remaining property; or to what extent the remaining land may have been damaged.

The proposition that plans and specifications are admissible is well stated in 27 Am.Jur.2d § 424 (Eminent Domain), p. 316:

"It has been held in a number of cases that the plans, specifications, or stipulations of the condemnor as to the nature of the improvements to be construed on or about the premises sought to be condemned, or the use to be made of such premises, are admissible in evidence to enable the jury to fix the damages of the owner of the premises with more precision. The petitioner may give them in evidence, it is held, or the defendant may have them produced on motion, although where the condemnor takes the whole of the land, so that whatever it does thereon can make no difference in the valuation by the jury, there is no error in refusing to require condemnor to produce its plans on the trial.

"In the absence of the introduction of such plans, it has been held that the jury, in assessing damages, may presume that the improvement will be constructed in the mode most injurious to the owner's property, within the bounds of reasonable probability. But where the plans and profile are offered in evidence in the condemnation proceeding, and the construction of the improvement is made in accordance therewith, it has been held that no recovery can be had by reason of a mistake of the jury in determining the amount of damage or by reason of a failure to allow a sufficient sum as damage to contiguous land or as compensation for lands taken. On the other hand, it has been held that any marked departure from the plans as shown in the profiles submitted, or from the stipulations in evidence, as to the character of the work to be done, will give the landowner an action for damages against the condemnor."

In effect, the trial court's refusal to allow plaintiff to introduce any evidence as to plans and specifications of the proposed road or to allow the plaintiff the opportunity to mention a proposed road in its opening and closing statements allowed the jury to make the assumption that the land taken would not be used for construction of a road. Thus, the jury may have assumed that the defendant's remaining land would not have any frontage on the existing road since plaintiff now owned a strip of land between defendant's remaining land and the existing road. This could have greatly affected the jury's assessment of damages to defendant's remaining land. Since the jury returned a general verdict it is not known how much they allowed for the value of the land taken and how much they allowed for the damage to the remaining land. They may have allowed substantial damages to the remainder in the mistaken belief that the plaintiff was taking the defendant's frontage land.

It is plaintiff's contention that the trial court erred and abused its discretion in sustaining objections to plaintiff's offer of proof of the plans and specifications and what they purported to show. With this contention, we agree.

It is the opinion of this Court that in order for the plaintiff and defendant to receive a just verdict, the testimony excluded and the plans and specifications should have been available to the jury to aid in their deliberations.

For the reasons herein stated we hold that the trial court committed reversible error in not allowing plaintiff to introduce the testimony proffered by plaintiff, together with the plans and specifications by which the road would be built. Accordingly the judgment of the trial court is reversed with instructions to sustain plaintiff's Motion for New Trial and proceed not inconsistent with the views herein expressed.

Reversed and remanded with instructions.

ROMANG, P. J., and REYNOLDS, J., concur.