STATE ex rel. DEPT. OF TRANSPORTATION v. PENNINGTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. DEPT. OF TRANSPORTATION v. PENNINGTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. DEPT. OF TRANSPORTATION v. PENNINGTON
2018 OK CIV APP 39
Case Number: 115103
Decided: 04/12/2018
Mandate Issued: 05/09/2018
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 39, __ P.3d __

 

STATE OF OKLAHOMA, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,
v.
WADE PENNINGTON and SHARON PENNINGTON, husband and wife; and PENNINGTON PROPERTIES, L.L.C., Defendants/Appellants,

The Pontotoc County Board of Commissioners, Defendant.

APPEAL FROM THE DISTRICT COURT OF
PONTOTOC COUNTY, OKLAHOMA

HONORABLE C. STEVEN KESSINGER, JUDGE

AFFIRMED

C. Bart Fite, FITE LAW FIRM, Muskogee, Oklahoma, for Appellee,

Brett Agee, Logan Beadles, GARVIN AGEE CARLTON, Pauls Valley, Oklahoma, for Appellants.

Larry Joplin, Judge:

¶1 Defendants/Appellants Wade Pennington and Sharon Pennington, husband and wife, and Pennington Properties, L.L.C. (collectively, Defendants), seek review of the trial court's order granting judgment on a jury's verdict which determined the value of Defendants' property taken by eminent domain and condemned for construction of highway improvements by Plaintiff/Appellee State of Oklahoma, ex rel. Department of Transportation (State). In this appeal, Defendants complain the trial court erred (1) in excluding evidence of State's "preliminary" construction plans, different from the "current" plans, (2) in refusing to instruct the jury concerning State's commitment to follow the "current" plan, and (3) in excluding rebuttal testimony undermining the credibility of State's appraiser.

¶2 Defendants own property on Highway 19 in Pontotoc County, Oklahoma. On the property, Defendants operate a used-car lot and salvage operation, a truck-and-trailer repair shop, offices of Pennington Transportation, and a convenience store. State sought to condemn a portion of Defendants' property -- 1.27 acres for highway right-of-way, .01 acres for a utility easement, and .09 acres for a temporary construction easement -- to widen Highway 19 adjacent to Defendants' property. Defendants objected to State's plans as restricting ingress and egress to their businesses, impairing the operation of their truck-and-trailer repair operation, limiting the view of their used-car lot from the highway, and requiring the relocation of their diesel fuel pump.

¶3 Commissioners were appointed to appraise and determine just compensation for the value of Defendants' property actually taken and the damage to the remainder. The Commissioners returned their report assessing damage to Defendants' property in the amount of $342,000.00. State deposited assessed sum, which Defendants withdrew with the trial court's permission. State objected to the Commissioners' report, and demanded a jury trial on the issue of just compensation.

¶4 Prior to trial, and as a result of negotiations between the parties, State agreed to a revised plan for construction of the highway improvements, addressing some of Defendants' grievances. Particularly, State agreed to construct five new entrances to Defendants' property. The week before trial, the trial court disposed of the numerous motions in limine filed by State, by which the trial court excluded, inter alia, the admission of any evidence or testimony concerning the "preliminary" construction plans prior to the negotiated changes embodied in the "current" plans, as well as any testimony or evidence concerning the amount of the Commissioners' award.

¶5 On the day of trial, Defendants announced their intention to offer evidence of the billing practices of Mr. Grace, an expert witness and the appraiser for State in this and other cases, said to demonstrate the witness's gross over-billing of time in other cases and, consequently, undermining his credibility in the present case, which the trial court denied admission. The Defendants also requested the jury be allowed to view the property, which request the trial court denied. The trial court again refused to permit the admission of any testimony or evidence concerning damage to Defendants' property under the "preliminary" plans.

¶6 At trial, Defendants first presented the testimony of their appraiser, Mr. Hoyt. Mr. Hoyt appraised Defendants' total damages for the property taken and consequential damages to the remainder -- including construction of a building, paving and relocation of the diesel fuel pump -- in the sum of $161,700.00. Defendant Wade Pennington then testified concerning the impaired access to his businesses resulting from the highway improvements, and the changes to the property made necessary by the highway improvements.

¶7 State then offered the testimony from the head of its Civil Engineering Division, Mr. McIntosh. Mr. McIntosh testified and presented evidence showing that the new driveways as depicted in the "current" plans would be more than sufficient to allow trucks-and-trailers to enter the property and would permit the enjoyment of the property as used prior to the highway improvements. State also presented the testimony of its appraiser, Mr. Grace, who assessed total damage to Defendants' property and remainder in the sum of $18,600.00.

¶8 Upon instruction, the jury returned its verdict for Defendants, and fixed their recovery of just compensation in the amount of $55,600.00. The trial court granted judgment on the jury's verdict to Defendants in that sum and, based on the Defendants' withdrawal of the $342,000.00 deposited by State in accord with the Commissioners' report, held that Defendants owed State the difference between the sum withdrawn and the jury's verdict, in the amount of $286,400.00. Defendants appeal.

¶9 The trial court is vested with wide discretion in determining what information it receives in a condemnation proceeding. See, e.g., State ex rel. Dep't. of Transp. v. Little, 2004 OK 74, ¶11, 100 P.3d 707, 712. The "admissibility of evidence of value in condemnation cases is more largely within the trial court's discretion than is the determination of other issues, so that error predicated upon the exclusion of certain evidence will not be sustained except in cases of manifest error." State ex rel. Dept. of Transportation. v. Lamar Advertising. of Oklahoma, Inc., 2014 OK 47, ¶¶ 8-9, 335 P.3d 771, 774 (citations omitted). See also, Myers v. Missouri Pacific R. Co., 2002 OK 60, ¶36, 52 P.3d 1014, 1033.[1]

¶10 "On appeal in eminent domain proceedings, the verdict of the jury may be set aside only when it manifestly appears that it is unjust and not supported by any competent evidence." State ex rel. Dept. of Transportation. v. Lamar Advertising of Oklahoma, Inc., 2014 OK 47, ¶8, 335 P.3d 771, 774. (Citations omitted.) "An appellate court's duty is to ensure that there is 'competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors are shown in the trial court's instructions to the jury or on legal questions presented during trial.'" Id. (Citations omitted.) See also, Lierly v. Tidewater Petroleum Corp., 2006 OK 47, ¶15, 139 P.3d 897, 902.[2]

¶11 Defendants first complain the trial court erred in excluding evidence and testimony of the damage to Defendants' property under the State's "preliminary" plans. Particularly, Defendants argue that a condemnee's damages are determined at the time of the "taking," and the "taking" occurs on the date when the condemnor pays the amount of the commissioners' award into court. State ex rel. Department of Transp. v. Post, 2005 OK 69, ¶15, 125 P.3d 1183, 1188.[3] So, say Defendants, they were entitled to present evidence of the damage to their property on the date of the taking, i.e., the date the commissioners' award was deposited in court, pursuant to the "preliminary" plans then in effect. See also, Oklahoma Turnpike Authority v. Burk, 1966 OK 113, ¶13, 415 P.2d 1001, 1005.[4]

¶12 However, both Post and Burk are clearly distinguishable from the present case: in neither Post nor Burk had the condemnor and condemnee negotiated and agreed to a change of the planned improvements after the commissioners' award had been paid into court.

¶13 It seems to us that, where the condemnor and the condemnee agree to a change in the planned improvements to address the concerns of the condemnee after the commissioners' award has been paid into court, the question becomes, what are the condemnee's damages under the plan for improvements which were changed to address the concerns of the property owner?

¶14 This is an evidence question. Forty years ago, the Court of Appeals held that the actual plans by which the condemnor would build the highway improvements were admissible to determine the extent of the condemnee's damages, and that the trial court erred in refusing to admit such plans for consideration by the jury. State ex rel. Dept. of Highways v. Maloney, 1975 OK CIV APP 35, ¶¶18, 22, 537 P.2d 464, 467, 468.[5]

¶15 In the present case, the damage to Defendants' property cannot fairly be determined by reference to the "preliminary" plans. This is necessarily so because, pursuant to the parties' negotiations, the "preliminary" plans were modified to accommodate at least some of the Defendants' complaints regarding the impaired driveway access from the new highway. The "current" plans, providing for the construction of five driveways for ingress and egress to Defendants' businesses, more accurately reflect the true state of ingress and egress which will exist after construction of the improvements, and consequently, constitute a more accurate representation of the damage to Defendants' property resulting from the construction of the highway improvements. We therefore hold the trial court did not abuse its discretion in refusing to admit evidence of Defendants' damages under the "preliminary" plans.

¶16 In this vein, Defendants sought to introduce the deposition testimony of Ron Brown and Carl Cannizzaro, concerning the impaired access under the "preliminary" plans, and the location of the highway vis-a-vis Defendants' buildings, but neither their testimony, nor the offered rebuttal testimony of Defendant Wade Pennington, addressed the affect of the highway improvements under the "current" plan. We again hold the trial court did not abuse its discretion in excluding any testimony and evidence concerning the extent of Defendants' damages under the "preliminary" plans.

¶17 Defendants also complain the trial court abused its discretion in refusing to permit the jury to view the property. Whether to allow the jury to view the property was a question addressed to the discretion of the trial court. See, e.g., City of McAlester v. Delciello, 1966 OK 58, ¶0(1), 412 P.2d 623, 624.[6] State asserts that the location of the driveways under the "current" plan was not marked. If the location of the driveways as planned was not marked, an inspection of the property by the jury would not be helpful, and might very well confuse the jury. In this particular, we cannot say the trial court abused its discretion in refusing to allow the jury to view the property.

¶18 Defendants also complain the trial court abused its discretion in refusing to admit a video, said to demonstrate the impaired access to the property by trucks-and-trailers resulting from construction of the highway improvements. However, it was conceded the video was made by reference to the location of the driveways under the "preliminary" plans, not the "current" plans, and we have held the trial court did not abuse its discretion in refusing to admit any testimony and evidence concerning the effect of the "preliminary" plans on the value of Defendants' property.

¶19 Defendants also complain the trial court erred in refusing to instruct the jury that State had committed to construct the highway improvements pursuant to the "current" plan. Such an instruction was required, say Defendants, given the testimony of Mr. McIntosh and the representation by the attorney for State that the State was bound by the testimony and evidence offered at trial concerning State's obligation to construct the highway improvements according to "current" plans.

¶20 "It is the trial court's duty to instruct on the fundamental issues of a case." Taliaferro v. Shahsavari, 2006 OK 96, ¶25, 154 P.3d 1240, 1247-1248. "[T]he test upon review of an instruction urged as improperly given or refused is whether there is a probability that the jury was misled into reaching a result different from that which would have been reached but for the error." Myers, 2002 OK 60, ¶29, 52 P.3d at 1028-1029. (Footnotes omitted.)

¶21 Whether the State might or might not change its "current" plans for construction of the highway improvements was wholly speculative and, according to the testimony of Mr. McIntosh, the head of State's Civil Engineering Division, construction plans are not ordinarily subject to change. We cannot say the jury was misled or reached a different conclusion than they reached but for the trial court's failure to instruct as Defendants requested in this particular.

¶22 In their second proposition, Defendants complain the trial court abused its discretion in refusing to admit the testimony of Judy Connolly, said to demonstrate the over-billing of State by State's appraiser, Mr. Grace, and thus casting his credibility into doubt. However, the testimony and evidence Defendants sought to introduce through Ms. Connolly concerned Mr. Grace's billing practices in other cases, not the present case. Mr. Grace's billing practices in the present case were not at issue.

¶23 Moreover, Ms. Connolly was not listed as a witness for Defendants, and the evidence Defendants sought to elicit through Ms. Connolly was neither listed in the pre-trial order, nor provided to State prior to trial within the time frame specified by the pre-trial order. The trial court is granted broad discretion in the enforcement of the pre-trial order, and the trial court's judgment will not be disturbed unless affected by an abuse of discretion. See, Sims v. Travelers Ins. Co., 2000 OK CIV APP 145, ¶14, 16 P.3d 468, 472.[7] The trial court did not abuse its discretion in this particular.

¶24 We have reviewed the transcript of the trial and the record in the present case. The trial court did not abuse its discretion in the particulars urged by Defendants. The verdict of the jury is free of legal error and is support by competent evidence. The order of the trial court granting judgment on the jury's verdict is AFFIRMED.

BELL, P.J.; and BUETTNER, J., concur

FOOTNOTES

[1] "A trial court has discretion in deciding whether proffered evidence is relevant and, if so, whether it should be admitted, and a judgment will not be reversed based on a trial judge's ruling to admit or exclude evidence absent a clear abuse of discretion."

[2] "A judgment on a jury verdict is reviewed for competent evidence reasonably tending to support the verdict and for the absence of prejudicial error in the jury instructions and legal rulings. A reviewing court may not set aside a jury verdict or grant a new trial for misdirection of the jury or error in any matter of pleading or procedure unless the error has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." (Citations omitted.)

[3] "A condemnee's damages are judged by the conditions existing when the property is taken. The Oklahoma Constitution art. 2, §24, statutory provisions governing condemnation proceedings and this Court's jurisprudence, all support a determination that the 'date of taking' is established when the condemnor pays the commissioners' award into court." (Citations omitted.) (Footnotes omitted.)

[4] "Improvements or changes proffered by the condemnor after taking, as a means of attempting to mitigate the damages, provide no basis for reducing the damages, which must be determined as of the time of the taking."

[5] "'[T]he plans, specifications, or stipulations of the condemnor as to the nature of the improvements to be construed on or about the premises sought to be condemned, or the use to be made of such premises, are admissible in evidence to enable the jury to fix the damages of the owner of the premises with more precision.' . . . [W]e hold that the trial court committed reversible error in not allowing plaintiff to introduce the testimony proffered by plaintiff, together with the plans and specifications by which the road would be built."

[6] "A view by the jury of property, the subject of the [condemnation] action, is discretionary with the trial court, and his ruling thereon will not be reversed on appeal in the absence of a showing of abuse of discretion."

[7] "The trial court excluded the evidence because the Sims failed to list the documents on the pre-trial order. A trial court has the power to enforce its own pre-trial order which is designed to prevent surprise evidence. The trial court's ruling will only be reversed if an abuse of discretion is found. We find no abuse of the trial court's discretionary power." (Citation omitted.)






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 145, 16 P.3d 468, 72 OBJ 187, SIMS v. TRAVELERS INS. CO.
Discussed
 1975 OK CIV APP 35, 537 P.2d 464, STATE, DEPARTMENT OF HIGHWAYS v. MALONEY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1966 OK 58, 412 P.2d 623, CITY OF McALESTER v. DELCIELLO
Discussed
 1966 OK 113, 415 P.2d 1001, OKLAHOMA TURNPIKE AUTHORITY v. BURK
Discussed
 2002 OK 60, 52 P.3d 1014, MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed at Length
 2004 OK 74, 100 P.3d 707, STATE ex rel. DEPT OF TRANSPORTATION v. LITTLE
Discussed
 2005 OK 69, 125 P.3d 1183, STATE ex rel. DEPT. OF TRANSPORTATION v. POST
Discussed
 2006 OK 47, 139 P.3d 897, LIERLY v. TIDEWATER PETROLEUM CORPORATION
Discussed
 2006 OK 96, 154 P.3d 1240, TALIAFERRO v. SHAHSAVARI
Discussed
 2014 OK 47, 335 P.3d 771, STATE ex rel. DEPT. OF TRANSPORTATION v. LAMAR ADVERTISING OF OKLAHOMA, INC.
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA